IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHASE BANK USA, N.A., :
:
    Plaintiff, :
:
v. :
:
HESS KENNEDY CHARTERED, LLC, :
LAURA L. HESS, EDWARD T. KENNEDY, :    Civil Action No. 08-121-JJF
LAURA HESS & ASSOCIATES, P.A., :
HESS KENNEDY HOLDINGS, LTD., :
HESS KENNEDY COMPANY CHARTERED :
BWI, THE CONSUMER LAW CENTER, LLC, :
THE CONSUMER LAW CENTER OF DELRAY :
BEACH, LLC, THE CONSUMER LAW :
CENTER OF BOCA RATON, INC., THE :
CAMPOS CHARTERED LAW FIRM, JEFF :
CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL :
DEBT CENTER, LLC, :
:
    Defendants. :

### REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND/OR FORUM NON-CONVENIENS

COMES NOW, the Defendants, HESS KENNEDY CHARTERED LLC ("Hess Kennedy"), LAURA L. HESS ("Hess"), LAURA HESS & ASSOCIATES, P.A. ("Hess & Associates"), HESS KENNEDY HOLDINGS, LTD. ("HK Holdings"), HESS KENNEDY COMPANY CHARTERED BWI ("BWI"), THE CONSUMER LAW CENTER, LLC ("Consumer Law Center"), THE CAMPOS CHARTERED LAW FIRM ("Campos Chartered"), JEFF CAMPOS, P.A. ("Campos P.A."), and JEFFREY S. CAMPOS ("Campos") (collectively, "Defendants"), by and through undersigned counsel and hereby files this Reply to Plaintiff's Response in Opposition and Incorporated Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and/or Forum Non-Conveniens and in support thereof sets forth the following:

## I. INTRODUCTION

This matter should be dismissed with prejudice as a matter of law because this Court lacks personal jurisdiction over the Defendants, as the Defendants do not have any minimum contacts with this State nor has the Plaintiff asserted the appropriate jurisdictional facts that would demonstrate this Court has personal jurisdiction over the Defendants. Furthermore, should this Court find that personal jurisdiction does exist, which Defendants vehemently deny, this Court should dismiss this matter for improper venue based upon the fact that all Defendants are located in Florida and several separate but factually related matters are currently pending in Florida. Additionally, this matter should be dismissed based upon the doctrine of forum non-conveniens, as all of the Defendants reside in Florida, conduct their business in Florida, all witness are located in Florida, all discovery production is in Florida, and all of the alleged causes of action arose in the State of Florida. Should this case not be dismissed, this Court should transfer this action to the Southern District of Florida, to allow for the factually related but separate matters currently pending in Florida to be consolidated, thus accommodating judicial efficiency and economy.

## II. SUMMARY OF ARGUMENT

1. The approximately "7,600 letters" referenced in Plaintiff's Response to Defendants' Motion to Dismiss ("Response") were sent to the State of Delaware in the cardholders' names, not that of the Defendants. *See*, Plaintiff's Response, page 2. In fact, one Defendant, HK Holdings, originally sent the aforementioned letters to Chase Bank USA, N.A.'s as the designated mailer/processor for the other Defendants. Chase's Florida legal counsel, Mr. Robert M. Quinn ("Mr. Quinn") of Carlton Fields Attorneys at Law, Tampa Florida office advised HK Holdings that the letters <u>must</u> be sent directly to Chase's Delaware offices when Defendants began to send letters to Chase's legal counsel located in Florida. Consequently, Chase's unilateral conduct requiring Defendants to forward said letters to Delaware is not sufficient to subject Defendants to personal jurisdiction in the State of Delaware. Even

2

further, only HK Holdings and no other Defendants named in the instant matter, ever sent letters to Chase's Delaware offices as they were the designated mailer, and only upon the strict direction of Chase's Florida legal counsel and Chase' own account requirements for communications being directed to Delaware. These letters were not sent to Delaware, because the Defendants were "purposefully availing themselves of the privilege of conducting activities within the forum state," but rather because Defendants were directed to do so by Chase's Florida legal counsel. To put it another way, Chase is attempting to manufacture jurisdiction based upon their own acts of mandating that customer complaints be sent directly to their Delaware corporate offices.

2. In contradiction to Plaintiff's allegations, the Defendants' website does not allow clients, from any state, including Delaware, to sign up for Defendants services via the internet. *See*, Plaintiff's Response, page 3. Moreover, Defendants' website simply invited a potential client to input personal information to allow a representative of the Defendants' to contact them at a future time. Furthermore, Defendants conducted no internet marketing, hyperlinks, spam, advertising, or email campaign. Further, Defendants' Delaware clients were obtained through an attorney referral service, with no direct marketing ever being undertaken by Defendants in the State of Delaware.

3. All of Defendants Delaware clients associated with the instant matter changed their billing addresses with Chase to Hess Kennedy's Florida offices, further demonstrating their intent to do business in the State of Florida.

4. Plaintiff clearly admits in its Response that, "all of the moving defendants operate out of one office at 210 N. University Drive, Suite 900 in Coral Springs, Florida." *See*, Plaintiff's Response, page 5. This statement further exemplifies the judicial economy that will be served by transferring the case to the Southern District of Florida, should this Court not grant Defendants' request for dismissal with prejudice.

5. Plaintiff contends in its Response that Hess Kennedy's letterhead lists offices in "New York, Illinois, New Jersey, London, California, Cayman Islands, Singapore, and South Carolina." *See*, Plaintiff's Response, page 6. Based upon Plaintiff's understanding that Defendants' are an 'International Firm,' it is alleged that Defendants are not prejudiced by the instant matter's venue being in Delaware. However, at this time, the Defendants only office presently conducting business is the Coral Springs, Florida office. Consequently, the Defendants are significantly prejudiced by having to defend the instant matter in the State of Delaware.

6. The Plaintiff has properly described the 'first-filed rule' as, "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 970 (3d. Cir. 1988). *See*, Plaintiff's Response, page 20. Nevertheless, Plaintiff failed to further clarify that Defendants' currently have a Motion to Dismiss pending in the instant matter based upon lack of personal jurisdiction, improper venue, and *forum non-conveniens*. As such, the Florida Declaratory action should stay proceedings until such time that this Court rules on Defendants' Motion to Dismiss the Complaint.

7. Plaintiff's response is notably silent on a currently pending matter in Virginia styled *Capital One Bank (USA) N.A., Capital One, N.A., Capital One Auto Finance, Inc. v. Hess Kennedy Chartered, LLC, Hess Kennedy Holdings, Ltd., Consumer Credit Counseling of America, Inc., The Campos Chartered Law Firm, The Consumer Law Center, LLC.* ("Capital One case") Defendants have filed a similar Motion to Dismiss and/or Transfer to the Southern District of Florida based upon analogous principles to those contained within Defendants Motion to Dismiss in the instant matter. The strikingly similar facts of this case to the instant matter, makes both cases ripe for consolidation, as to satisfy judicial efficiency.

8. Lastly, Plaintiff ineffectively argues in its Response that the pending North Carolina Attorney General's action ("NC action") against Defendants is evidence that "all litigation against

4

some of the moving defendants does not exist in Florida." *See*, Plaintiff's Response, page 19. Unfortunately, Plaintiff fails to enlighten this Court that the NC action is factually inconsistent with the instant matter. In fact, there is a Motion to Dismiss pending on appeal challenging the constitutionality of the underlying state action seeking transfer of venue. For said reason, Plaintiff's argument fails to show that Defendants would not be prejudiced by having to appear in the State of Delaware to defend the instant action.

### III.  LEGAL MEMORANDUM OF LAW

**A.  <u>This Court Does Not Have Personal Jurisdiction Over the Defendants</u>.**

The Defendants did not 'Purposely Avail" themselves of the privilege of conducting activities within the State of Delaware. Plaintiff's paltry attempt to argue that Defendants are subject to personal jurisdiction within this state based upon the notion that "services" were marketed to Delaware residents via Internet websites, approximately 7,600 letters were sent to Chase's corporate offices in Delaware, and that Defendants represented at least thirty Delaware residents wholly lack merit. *See*, Plaintiff's Response, page 11. As previously mentioned, the Defendants' website was used for informational purposes only and did not accept new clients via the internet, the letters referenced repeatedly in Plaintiff's Response were sent to Delaware by only one of the numerous Defendants based solely upon the strict direction of Chase's Florida legal counsel, and the 'Delaware residents' that the Defendants allegedly represented, all had Florida billing addresses for their credit card accounts with Chase.

First, Plaintiff relies upon *American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc.*, 1999 WL 615175, at *4 (D. Del. August 3, 1999) to develop the argument that because Defendants website is accessible in all fifty (50) states, it is considered to be "national advertisements accessible to Delaware residents...," thus meeting the "transacting business" provision of the Delaware long-arm statute. *Id*. However, Plaintiff's generalization and confusion of the developing case law on this subject fails to make the important distinction between websites that actually offer products and

services for sale and websites that merely serve as informational resources for the public. In *Hanny*, the Eighth Circuit reasoned that the mere use of a website is not sufficient to rise to the level of solicitation, unless the website entices another to take an action, which in *Hanny* consisted of allowing visitors to actively shop for, select, and purchase products directly on the website. *U.S. v. Hanny*, 509 F.3d 916 (8th Cir. 2007). Further, the overwhelming trend in this developing area of case law has determined that "something additional beyond a website is required to establish personal jurisdiction." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1346 (D.C. Cir. 2000)(holding that personal jurisdiction could not be based upon "mere accessibility to an Internet site in the District" where defendants had "no other contacts…"). In *Trintec*, a clear distinction was made between 'highly interactive, transaction-oriented websites" as opposed to "an essentially passive website." *Trintec Industries v. Pedre Promotional Products*, 395 F.3d 1275 (Fed. Cir., 2005); *see also, Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509-10 (D.C. Cir. 2002). Clearly, the Defendants' website being available in Delaware does not establish personal jurisdiction within the state, as no products were sold, clients could not sign up for Defendants services via the web, and the website was only 'passively' used to distribute information.

Second, any 'minimal contacts' that Defendants had with Delaware are not purposeful "in the jurisdictional sense." The letters referenced to in Plaintiff's Response were sent to Delaware solely as a result of the Plaintiff's designation of the office where such communications <u>must</u> be directed. The mere fact that Chase chose Delaware as the office location where communications should be directed is happenstance – in fact, that location could have just as easily been Florida, as Chase does business in all fifty states. Conversely, although the Plaintiff attempts to argue otherwise, it is questionable whether Defendants were ever doing business nationwide, but nonetheless, at the present time, Defendants are only operating a single office in Coral Springs, Florida and in no other state.

The Third Circuit has continually recognized the Supreme Court's well-recognized principle that to sustain assertion of specific jurisdiction, the plaintiff must show that the nonresident

defendant's single or occasional acts within the forum state which give rise to the claim manifest defendant's "purposefully availing itself of the privilege of conducting activities within the forum state." *Compagnie Des Bauxites De Guinea v. Insurance Co. of North America*, 651 F.2d 877 (3rd Cir. 1981), *citing, World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980). The unilateral action taken by Chase in requiring that Defendants send the letters to Delaware is not sufficient in meeting the "purposeful availment" principles of personal jurisdiction. *See, Id.* at 889-90, *citing, Covington Industries Inc. v. Resintex, Inc.*, 629 F.2d 730 (2d Cir. 1980)(defendant's telexes to Georgia from Switzerland concerning deliver of goods to Haiti do not constitute "transacting business" under the liberally interpreted Georgia long-arm statute); *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247 (9th Cir. 1980)(use of telephone does not constitute purposeful activity under the fourteenth amendment due process clause); *North Eastern Timber, Inc. v. Pines Trailer Corp.*, 501 F.Supp. 321 (E.D. Pa. 1980)(defendant's phone calls to Pennsylvania from Illinois do not constitute purposeful activity in Pennsylvania). To be sure, in light of the fact that the letters do not rise to the level of "transacting business" in Delaware, the letters were sent to Delaware from Florida by only one of the named Defendants, HK Holdings, and the letters were sent on behalf of Chase cardholders with Florida billing addresses.

The Third Circuit also recognizes a second basis for personal jurisdiction commonly referred to as general jurisdiction. This concept, originally delineated in *International Shoe*, allows personal jurisdiction to be found in claims unrelated to the forum, when the nonresident's contacts are "continuous" and "substantial." *See*, Compagnie, 651 F.2d at 890, *citing, International Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945). The facts requisite to asserting general jurisdiction cannot be "carefully tailored;" they must be extensive and pervasive. *Id.* The principle of general jurisdiction only applies when corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities upon which the suit alleges. *Id.* The Plaintiff's deficient attempt to assert general jurisdiction over the

Defendants against rests upon the approximately 7,600 letters that were only sent to Delaware based upon the unilateral actions of the Plaintiff. Further, Defendants' 'Delaware clients' all have Florida billing addresses for the purposes of the Chase credit card bills that are at the heart of this dispute.

Similarly, in a futile attempt to meet the second phase of a personal jurisdiction analysis, the Plaintiff analogizes the Defendants' representation of Chase cardmembers in disputes against Chase, a self-affirmed "national banking association", constitute purposeful availment of the privilege of conducting activities within the State of Delaware under a Due Process clause jurisdictional analysis. *See*, Plaintiff's Response, page 17. As outlined in the Response, the "minimum contacts" requirement has been defined as "some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). *See*, Plaintiff's Response, page 16. To comport with "traditional notions of fair play and substantial justice," the defendant should reasonably be able to anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp.*, 444 U.S. 286, 292 (1980). "To defeat jurisdiction based on this fairness inquiry, a defendant must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Miller Yacht Sales*, 384 F.3d at 97 (*quoting*, *Burger King*, 471 U.S. at 477).

Again, the Plaintiff asserts that the sending of letters into Delaware meets each of these conditions in the required Due Process analysis. Consequently, Plaintiff's arguments once more fail based upon the inarguable fact that the only Defendant, HK Holdings, who ever sent these letters to Chase's Delaware offices did so upon the plain unilateral direction of Chase by setting its address fo mail receipt in Delaware and the directions of Chase's Florida legal counsel. The Defendants' originally directed the balance-dispute letters from the Chase cardholders with Florida billing addresses to Chase's Florida counsel's office in Tampa and/or a Delaware address that Chase required for the letters to be sent. Upon this counsel's direction as well as Chase's direction, the letters were forwarded to Delaware. At no time did this action cause Defendants to 'reasonably

anticipate being haled into court in' Delaware. To the contrary, the Defendants', who currently operate out of one office in <u>Florida</u>, never anticipated being haled into court in Delaware simply because it would be more convenient for Chase.

For all of these reasons, Plaintiff has failed to allege facts sufficient to convince this Court that personal jurisdiction can be exercised upon the Defendants, thus necessitating that this matter be dismissed with prejudice for lack of personal jurisdiction over the Defendants.

**B.** <u>**Venue in the Southern District of Florida Is Proper.**</u>

Venue is improper in the District Court of Delaware, because all of the Defendants are located in Florida and there are already several actions pending in Florida. Initially, the Plaintiff's allege that the Defendants letterhead reflects offices in several states, in addition to the main office located in Florida. However, although the letterhead included offices in several states at the time the letters were sent, now, at the present time, only the office in Coral Springs, Florida is still in operation. As previously mentioned, there are several factually-related matters currently pending in the state of Florida. Additionally, the Eastern District of Virginia is currently considering the possibility of transferring the Capital One case, which is factually similar, to the State of Florida. The presence of all of these factually-related cases in Florida would allow the Southern District of Florida to consolidate these into a solitary action, promoting judicial efficiency and conservation of precious judicial resources. *See, U.S. v. Bendolph*, 409 F.3d 155 (3d. Cir. 2005). In addition, the NC action referenced in the Response is factually dissimilar as previously described and its only relation to the pending matter is by the parties named.

Concerning the Florida Declaratory action, it is corroborated that the Plaintiff's statement that said action was a second-filed action. *See*, Plaintiff's Response, page 19. Nonetheless, the Plaintiff's have failed to educate this Court that a motion is currently pending which will stay proceedings in the Florida Declaratory action until such time that this Court resolves the Motion to Dismiss which has yet to be decided. If this Court should dismiss this matter, the first-filed rule then

has no bearing. Similarly if this Court should change venue based upon the notion of forum non-conveniens, then the first-filed rule will have no effect.

Taken as a whole, the Plaintiff attempts to mischaracterize the Defendants arguments contained within their Motion to Dismiss as simply being "more convenient for them to litigate in Florida because they are located there and because some of the other actions pending against them and involving their practices are there..." are simply incorrect. *See*, Plaintiff's Response, page 21. On the contrary, as previously explained in detail herein, the Defendants arguments for Delaware not being the proper venue to bring the instant matter is based upon an overabundance of facts that demonstrate Delaware's inability to exercise personal jurisdiction over the Defendants, most notably the unilateral actions of Plaintiff's in attempting to establish Defendants minimal contacts with Delaware and the erroneous belief that Defendants have offices outside the State of Florida, among several other factual reasons contained herein. If for some reason this Court should rule that personal jurisdiction exists, which Defendants vehemently deny, and this Court should chose not to transfer venue, then Defendants lastly argue that this matter should be dismissed under the notion of *forum non –conveniens*.

## Conclusion

The Defendants assert that this Court has no jurisdiction over them and that this cause should be dismissed. In the alternative, should this Court find it has jurisdiction, the more appropriate jurisdiction for this federal action should be where a presently pending federal action already exists in the Southern District of Florida.

WHEREFORE, and for the reasons detailed above, the Defendants, HESS KENNEDY CHARTERED LLC, LAURA L. HESS, LAURA HESS & ASSOCIATES, P.A., HESS KENNEDY HOLDINGS, LTD., HESS KENNEDY COMPANY CHARTERED BWI, THE CONSUMER LAW CENTER, LLC, THE CAMPOS CHARTERED LAW FIRM, JEFF CAMPOS, P.A., and JEFFREY S. CAMPOS, respectfully request this Honorable Court enter an Order granting their Motion to Dismiss the Complaint, and for whatever further relief this Court deems equitable and proper.

Civil Action No. 08-121-JJF

          Respectfully submitted,

          /S/ **Robert K. Beste, Jr., Esq. (I. D. No. 154)**

          _____
          Robert K. Beste, Jr., Esq. (I.D. No. 154)
          Cohen Seglias Pallas Greenhall & Furman, P.C.
          Suite 1130, Nemours Building
          1007 Orange Street
          Wilmington, Delaware 19801
          Tel. 302-425-5089
          Fax. 302-425-5097
          E-Mail:. rbeste@cohenseglias.com

Dated: April 25, 2008

**Of Counsel:**
David J. Feingold, Esq.
Feingold & Kam
5100 PGA Blvd., Second Floor
Palm Beach Gardens, FL 33418
Phone: 561-630-6727; Fax: 561-630-8936
E-Mail: David@FKfirm.com
Fla. Bar 0892823
Pro Hac Vice Counsel for
Listed Defendants

SWORN TO ACKNOWLEGMENT

      We the undersigned are Defendants in Federal lawsuits pending outside of the State of Florida. We hereby acknowledge that we have read this reply to Plaintiff's response in opposition and acknowledge that we do not maintain any offices, phone numbers, employees, or do any business or dealings in the forum state. We operate our services from offices located in the State of Florida and all witnesses, documents, and matters to be provided in discovery are similarly located in the State of Florida. We have read the statements made in the reply to Plaintiff's response in opposition, and they are true and correct and all of the information contained therein is accurate based on my personal knowledge. I the undersigned have full authority to sign this document, which is to be utilized in the aforementioned reply to Plaintiff's response in opposition, and I make this submission under penalty of perjury.

Civil Action No. 08-121-JJF

_____
Hess Kennedy Chartered, LLC

_____
The Campos Chartered Law Firm

s/ LAURA HESS
_____
Laura L. Hess

_____
Hess Kennedy Company Chartered BWI

_____
Jeffrey Campos

_____
Hess Kennedy Holdings, LTD.

_____
The Consumer Law Center, LLC

s/ LAURA HESS
_____
Laura Hess & Assoc, P.A.

_____
Jeff Campos, P.A.

<u>Defendants</u>:

HESS KENNEDY CHARTERED, LLC; LAURA L. HESS; LAURA HESS & ASSOCIATES, P.A.; HESS KENNEDY HOLDINGS, LTD.; HESS KENNEDY COMPANY CHARTERED BWI; THE CONSUMER LAW CENTER, LLC; THE CAMPOS CHARTERED LAW FIRM; JEFF CAMPOS, P.A.; and JEFFREY CAMPOS

12

Civil Action No. 08-121-JJF

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., certify that I am not less than 18 years of age, and that service of the "Reply to Plaintiff's Response in Opposition and Incorporated Memorandum of Law In Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and/or Forum Non-Conveniens," was made electronically and by First-Class Mail, on April 25, 2008, upon the following:

Beth Moskow-Schnoll, Esq. (No. 2900)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801

*Attorneys for Plaintiff, Chase Bank USA, N.A.*

OF COUNSEL:

David H. Pittinsky, Esquire/Alan S. Kaplinsky, Esquire/Mark J. Levin, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Attorneys for Plaintiff, Chase Bank USA, N.A.*

Robert K. Beste, Jr. (I.D. No. 154)
Cohen Seglias Pallas Greenhall and Furman, P.C.
1007 Orange St., Suite 1130, Nemours Building
Wilmington, Delaware 19801
Tel. 302-425-5089; Fax. 302-425-5097
Attorneys for: HESS KENNEDY CHARTERED, LLC; LAURA L. HESS; LAURA HESS & ASSOCIATES, P.A.; HESS KENNEDY HOLDINGS, LTD.; HESS KENNEDY COMPANY CHARTERED BWI; THE CONSUMER LAW CENTER, LLC; THE CAMPOS CHARTERED LAW FIRM; JEFF CAMPOS, P.A.; and JEFFREY CAMPOS, Defendants