## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHASE BANK USA, N.A.,           :

    Plaintiff,            :

                 :

    v.               :

HESS KENNEDY CHARTERED, LLC,     :    Civil Action No. 08-121-JJF
LAURA L. HESS, EDWARD T. KENNEDY,   :
LAURA HESS & ASSOCIATES, P.A.,     :
HESS KENNEDY HOLDINGS, LTD.,     :
HESS KENNEDY COMPANY CHARTERED  :
BWI, THE CONSUMER LAW CENTER, LLC,  :
THE CONSUMER LAW CENTER OF DELRAY  :
BEACH, LLC, THE CONSUMER LAW     :
CENTER OF BOCA RATON, INC., THE    :
CAMPOS CHARTERED LAW FIRM, JEFF   :
CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL :
DEBT CENTER, LLC,           :

                 :

    Defendants.          :

### PLAINTIFF CHASE BANK USA, N.A.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA

Plaintiff Chase Bank USA, N.A. ("Chase"), by its undersigned attorneys, hereby moves this Honorable Court for leave to file a Sur-Reply in Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Southern District of Florida. Chase seeks leave to file this Sur-Reply because the moving defendants' Reply contains sworn statements that are at best highly questionable, and at worst perjurious, and because the Reply is replete with legal error. A copy of the proposed Sur-Reply is attached hereto.

Pursuant to Rule 7.1.1, counsel has made a reasonable, but unsuccessful effort to reach an agreement with opposing counsel as to the filing of this motion.

Date: May 1, 2008

Respectfully submitted,

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll, Esquire (No. 2900)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: moskowschnollb@ballardspahr.com

Counsel for Chase Bank USA, N.A._____

OF COUNSEL:

David H. Pittinsky, Esquire
Alan S. Kaplinsky, Esquire
Mark J. Levin, Esquire
BALLARD SPAHR ANDREWS
 & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 665-8500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHASE BANK USA, N.A.,                    :
                                         :
    Plaintiff,                       :
                                         :
    v.                               :
                                         :
HESS KENNEDY CHARTERED, LLC,             :
LAURA L. HESS, EDWARD T. KENNEDY,        :    Civil Action No. 08-121-JJF
LAURA HESS & ASSOCIATES, P.A.,           :
HESS KENNEDY HOLDINGS, LTD.,             :
HESS KENNEDY COMPANY CHARTERED           :
BWI, THE CONSUMER LAW CENTER, LLC,       :
THE CONSUMER LAW CENTER OF DELRAY        :
BEACH, LLC, THE CONSUMER LAW             :
CENTER OF BOCA RATON, INC., THE          :
CAMPOS CHARTERED LAW FIRM, JEFF          :
CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL   :
DEBT CENTER, LLC,                        :
                                         :
    Defendants.                      :

### ORDER

        AND NOW, this _____ day of _____, 2008, upon consideration

of the Motion of Chase Bank USA, N.A. For Leave to File a Sur-Reply in Opposition to

Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Southern District of

Florida, it is hereby ORDERED that Plaintiff's motion is GRANTED.

        IT IS FURTHER ORDERED that the Sur-Reply is deemed filed upon entry of

this Order.


                        BY THE COURT:


                        _____
                        HONORABLE JOSEPH J. FARNAN, JR.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHASE BANK USA, N.A., | : |
| Plaintiff, | : |
| v. | : |
| HESS KENNEDY CHARTERED, LLC, | : |
| LAURA L. HESS, EDWARD T. KENNEDY, | : Civil Action No. 08-121-JJF |
| LAURA HESS & ASSOCIATES, P.A., | : |
| HESS KENNEDY HOLDINGS, LTD., | : |
| HESS KENNEDY COMPANY CHARTERED | : |
| BWI, THE CONSUMER LAW CENTER, LLC, | : |
| THE CONSUMER LAW CENTER OF DELRAY | : |
| BEACH, LLC, THE CONSUMER LAW | : |
| CENTER OF BOCA RATON, INC., THE | : |
| CAMPOS CHARTERED LAW FIRM, JEFF | : |
| CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL | : |
| DEBT CENTER, LLC, | : |
| Defendants. | : |

### CHASE BANK USA, N.A.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA

On April 25, 2008, defendants Hess Kennedy Chartered, LLC, Laura L. Hess,

Laura Hess & Associates, P.A., Hess Kennedy Holdings, Ltd., Hess Kennedy Company

Chartered BWI, The Consumer Law Center, LLC, The Campos Chartered Law Firm, Jeff

Campos, P.A. and Jeffrey S. Campos (collectively "the moving defendants") filed a Reply in

support of their motion to dismiss for lack of personal jurisdiction and improper venue or, in the

alternative, to transfer this action to the Southern District of Florida.  Because the moving

defendants' Reply contains sworn statements that are at best highly questionable, and at worst

perjurious, and because the Reply is replete with legal error, plaintiff Chase Bank USA, N.A.

("Chase") respectfully submits this Sur-Reply.

1.      The moving defendants assert under penalty of perjury that their "only office presently conducting business is the Coral Springs, Florida office." (Pl. Reply, ¶5). See also Pl. Reply Mem., p. 6 ("at the present time, Defendants are only operating a single office in Coral Springs, Florida and in no other state"); id. p. 9 ("now, at the present time, only the office in Coral Springs, Florida is still in operation"). However, just last month, on March 10, 2008, defendant Laura Hess filed a "Response to Order to Show Cause" with the Supreme Court of Florida stating that she "is the sole Florida partner of a **multi-state** and **multi-national** law firm known as Hess Kennedy. The law firm maintains offices in New York, California, and the Cayman Islands and has a substantial presence in Coral Springs, Florida." (Emphasis added).[1] Unless there was a drastic change in the status of Hess Kennedy between March 10, 2008 and April 25, 2008 (the date the moving defendants filed their Reply), the March 10 admission completely contradicts the repeated statements in the Reply that the moving defendants' only office presently conducting business is the Coral Springs, Florida office.

2.      In any event, **personal jurisdiction is established at the time Chase filed its Complaint in this action on February 29, 2008**, not at the time the moving defendants filed their Reply. See LG Elecs., Inc. v. Quanta Computer Inc., 520 F. Supp. 2d 1061, 1068 (W.D. Wis. 2007) ("the existence of personal jurisdiction is determined at the time of filing"); Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) ("the issue of personal jurisdiction turns on whether the trial court has jurisdiction over the person of a defendant at the time the suit is commenced"); Schenker v. Assicurazioni Generali S.p.A., Consol., 98 Civ. 9186 (MBM), 2002 U.S. Dist. LEXIS 12845, at *13 (S.D.N.Y. July 15, 2002) (personal jurisdiction

---

[1]      The Florida Bar v. Laura L. Hess, No. SC08-252, Response to Order to Show Cause, ¶3 (filed March 10, 2008) (without exhibits), attached hereto as Exhibit A.

determined as of "the date the action was commenced"); West Licensing Corp. v. Eastlaw, LLC,

Civil No. 00-2645 (JRT/FLN), 2001 U.S. Dist. LEXIS 26150, at *13 (D. Minn. May 9, 2001)

("personal jurisdiction is determined by conduct up to and including the time the action

commenced"); BHP Trading, Ltd v. Deep Sea Int'l Shipping Co., No. 90 Civ. 2231 (WK),1991

U.S. Dist. LEXIS 13220, at *15 (S.D.N.Y. Sept. 23, 1991) ("[i]t is well-settled that whether or

not a court has personal jurisdiction is determined as of the time an action is commenced").

   Given Ms. Hess' representations to the Supreme Court of Florida on March 10,

2008, **on the date Chase filed its Complaint, February 29, 2008, Hess Kennedy was a multi-state and multi-national law firm with offices outside Florida**. Indeed, there is additional

documentary proof that Hess Kennedy was operating outside Florida when Chase filed its

Complaint since, as of March 7, 2008, Hess Kennedy was using a letterhead that listed offices

not only in Coral Springs, but also in New York, Illinois, California, the Cayman Islands and

Singapore.[2]  Because personal jurisdiction clearly existed as of the time Chase filed its

Complaint on February 29, 2008, the moving defendants cannot defeat personal jurisdiction by

changing their status after the Complaint was filed, even assuming they actually did so.

   **3.**  The moving defendants admit (as Chase had asserted) that more than

"7600 letters … were sent to the State of Delaware …." (Pl. Reply, ¶1).  Those letters were on

the letterheads of moving defendants Hess Kennedy, Consumer Law Center and Campos

Chartered, and defendant Legal Debt Center, LLC. (See Chase's April 18, 2008 Response, pp. 2,

6-7). Chase has further established -- and the moving defendants do not deny -- that at least 30

Chase cardmembers residing in Delaware were among their customers. (Id., p. 8).

---

[2] See March 7, 2008 Letter from Hess Kennedy to Deonna Coopers, Exhibit B hereto.

The moving defendants attempt to minimize the importance of these critical jurisdictional facts by asserting in their Reply that only "one Defendant, HK Holdings [Hess Kennedy Holdings, Ltd] originally sent the aforementioned letters to Chase ... **as the designated mailer/processor for the other Defendants**." (Pl. Reply, ¶1) (emphasis added). But that sworn statement only <u>confirms</u> Chase's position that personal jurisdiction exists because defendants are acting as the agents for and in concert with one another. (<u>See</u> Chase's April 18, 2008 Response, p.12).[3]

The moving defendants further argue that there is no personal jurisdiction over them in Delaware because the 7600-plus letters they admit sending "were sent to the State of Delaware in the cardholders' names, not that of the Defendants." (Pl. Reply, ¶1). <u>First</u>, that simply is not true. As Chase has established, many of these letters were on the letterheads of moving defendants Hess Kennedy, Consumer Law Center and Campos Chartered, and defendant Legal Debt Center, LLC. (See Exs. I, K and L to Complaint; Ex. V to Chase's April 18, 2008 Response). <u>Second</u>, the letters purportedly sent in the cardmembers' names are alleged by Chase to be a central part of the illegal debt elimination scheme whereby defendants furnished the cardmembers with boilerplate sham billing error dispute letters to send to Chase, misleading them to believe that sending such letters would excuse them from paying their balances owed to Chase. (<u>See</u> Complaint, ¶¶32-33 and Ex. J). The fact that the cardmembers, in their letters, purported to change their addresses to the address of Hess Kennedy in Florida (Pl. Reply, ¶3) also does not serve to defeat personal jurisdiction in Delaware. Changing the cardmembers' addresses to Hess Kennedy's address was simply part of the chicanery by which the moving

---

[3]    Moreover, moving defendants do not deny, as Chase had asserted in its Response, that they all operate out of one address at 210 N. University Drive, Suite 900 in Coral Springs, Florida. (Pl. Reply, ¶3).

defendants exploited their cardmember "clients" for personal unlawful gain. In any event, regardless of the address, the 7600-plus letters were admittedly sent to Chase in Delaware.

In addition, the moving defendants assert that the 7600-plus letters were sent to Delaware, not because the moving defendants sought to avail themselves of the privilege of conducting business in Delaware, but because (a) Chase's cardmember agreements require customer complaints to be sent to Chase in Delaware, and (b) the moving defendants "were directed to do so by Chase's Florida legal counsel." (Pl. Reply, ¶1). According to the moving defendants, "Chase is attempting to manufacture jurisdiction based upon their own acts of mandating that customer complaints be sent directly to their Delaware corporate offices." (Id.).

These arguments are absurd. First, Chase's cardmember agreements provide a Delaware address for cardmember disputes because Chase is headquartered in Delaware, the credit card accounts it issues are opened and maintained in Delaware and its agreements are governed by Delaware law. That is certainly not devious or manipulative. Indeed, that practice was in place long before defendants selected Chase as a target for their illegal conduct. It is ridiculous for moving defendants to suggest that Chase planted its deep Delaware roots so that one day it would be able to "manufacture" personal jurisdiction over the moving defendants in Delaware. Moreover, the sending of sham billing error dispute letters to Chase at the address where cardmember complaints are received constitutes the very heart of the moving defendants' unlawful debt elimination scheme. It is completely disingenuous for the moving defendants to argue that they are not subject to personal jurisdiction in Delaware because that is where "such communications must be directed" under Chase's cardmember agreement. (Pl. Reply Mem., p. 6) (emphasis by moving defendants).

Second, as set forth in the Affidavit of John C. Simons ("Simons Aff."), attached hereto as Exhibit C, defendants sent or caused Chase cardmembers to send sham billing error dispute letters directly to Chase in Delaware in 2006, prior to any meeting with or alleged "instruction" to defendants. On July 20, 2007, Chase's Florida counsel, another representative of Chase and Mr. Simons met with Laura Hess and a person identified as Edward Kennedy in Miami to discuss a lawsuit Laura Hess and Hess Kennedy had filed on behalf of an individual client against Chase pursuant to the billing error scheme and to demand that defendants cease their unlawful conduct. After the July 20, 2007 meeting, sham billing error dispute letters continued to be sent directly to Chase in Delaware.

In late November 2007, however, defendants unilaterally began to send or caused cardmembers to send sham billing error dispute letters to Chase's Florida counsel who had attended the July 20, 2007 meeting. In response, Chase's Florida counsel notified defendants by letters dated December 6, 2007 that he did not have authority to receive such correspondence and that cardmembers should write Chase: "Please inform whomever is sending these that I have no authority [to] receive such letters on behalf of Chase, and such letters do not constitute notice to Chase (if they do in fact constitute bona fide billing errors, which they do not)."[4] At the time Chase's Florida counsel wrote these letters, defendants had already sent or caused Chase cardmembers to send more than 3000 sham billing error dispute letters directly to Chase in Delaware. (Simons Aff., Ex. C. hereto, ¶¶2-8). For the moving defendants to now claim that they sent letters to Delaware at the "strict direction of Chase's Florida legal counsel" (Pl. Reply, ¶1) is not only pure fiction, but it is outrageous given the events that actually occurred.

---

[4]     The December 6, 2007 letters from Chase's Florida counsel, Robert M. Quinn, Esquire, are attached hereto as Exhibit D.

In any event, the 3,000-plus letters sent directly to Chase in Delaware <u>before</u> December 6, 2007 would alone suffice to establish personal jurisdiction over the moving defendants in Delaware. <u>See</u> Chase's April 18, 2008 Response, pp. 10-18. Indeed, analogous cases involving federal consumer debt statutes have held that sending only a few communications regarding a debt into a state (or even one such communication) is sufficient to subject the sender to personal jurisdiction in that state. <u>See</u> <u>Maloon v. Schwartz, Zweban, & Slingbaum, L.L.P.</u>, 399 F. Supp. 2d 1108, 1113 (D. Haw. 2005) (single letter from defendant to forum that violated FDCPA was sufficient to confer personal jurisdiction); <u>Wichita Falls Builders Wholesale, Inc. v. Jancor Cos.</u>, No. 7:01-CV-196-R, 2003 U.S. Dist. LEXIS 1860, at *18-19 (N.D. Tex. 2003) (three letters sent by defendant's attorneys to forum seeking repayment of debt established personal jurisdiction over the defendant); <u>Brink v. First Credit Res.</u>, 57 F. Supp. 2d 848, 860-61 (D. Ariz. 1999) (alleged FDCPA violations contained in letters were tantamount to purposeful availment); <u>Paradise v. Robinson & Hoover</u>, 883 F. Supp. 521 (D. Nev. 1995) (single letter that violated FDCPA was sufficient to establish personal jurisdiction); <u>Russey v. Rankin</u>, 837 F. Supp. 1103, 1105 (D.N.M. 1993) ("[b]ecause TCA's written correspondence is the nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum, it was reasonable to have anticipated being hailed into New Mexico court on claims based upon the letter").

4.    Given the moving defendants' admission that their website "invite[s] a potential client to input personal information to allow a representative of the Defendants to contact them at a future time" (Pl. Reply, ¶2), the moving defendants cannot credibly claim that their website is completely "passive" and that they conduct no internet marketing or advertising. <u>Id.</u>; Pl. Reply Mem., p. 6. It is also misleading for them to baldly assert that their Delaware

clients (which they <u>admit</u> having) "were obtained through an attorney referral service, with no direct marketing ever being undertaken by Defendants in the State of Delaware" (Pl. Reply, ¶2) when (a) their website has a drop-down menu for Delaware residents to identify their home state when seeking defendants' services and (b) they themselves "hand-picked" any affiliated attorneys. <u>See</u> Complaint, ¶¶28-29 and Ex. G.

     **5.**     Finally, the moving defendants' Reply undercuts their own argument that this action should be transferred to Florida. They <u>admit</u> that this action (commenced by Chase on February 29, 2008) was filed before the moving defendants commenced their second-filed Florida action, and that under the first-filed rule "'in all cases of concurrent jurisdiction, the court which first has possession of the subject matter must decide it.'" (Pl. Reply, ¶6; Pl. Reply Mem., p. 9) (citation omitted). Because personal jurisdiction indubitably exists over the moving defendants in Delaware and in light of the admittedly applicable first-filed rule and the other factors discussed by Chase at pages 23-24 of its April 18, 2008 Response, this action should <u>not</u> be transferred to the Southern District of Florida.

     For the foregoing reasons and for the reasons previously set forth by Chase, the moving defendants' motion to dismiss or transfer should be denied.

Dated: May 1, 2008

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (No. 2900)
BALLARD SPAHR ANDREWS
  & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: moskowschnollb@ballardspahr.com

Attorneys for Plaintiff
Chase Bank USA, N.A.

OF COUNSEL:

David H. Pittinsky, Esquire
Alan S. Kaplinsky, Esquire
Mark J. Levin, Esquire
BALLARD SPAHR ANDREWS
  & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

# EXHIBIT A

## IN THE SUPREME COURT OF FLORIDA
### (Before a Referee)

THE FLORIDA BAR,

      Complainant,

v.

LAURA L. HESS,

      Respondent.

_____/

Supreme Court Case
No. SC08-252

The Florida Bar File
No. 2008-90,111(OSC)

### RESPONSE TO ORDER TO SHOW CAUSE

LAURA L. HESS, Respondent, by an through her undersigned counsel, files this Response to The Florida Bar's Petition for Contempt and Order to Show Cause and states as follows:

### Factual Background

1.    On January 27, 2005, the Respondent received a public reprimand and was placed on three years of Florida Lawyer's Assistance, Inc. probation. See *The Florida Bar v. Hess,* Sup. Ct. Case No. SC04-1498 (Fla. 2005).

2.    The Respondent successfully completed all of the terms and conditions of that probation. In fact on the very same day that the Bar's Petition for Contempt was served, the Bar wrote to the Respondent's counsel and advised that the Respondent had "satisfied the terms and conditions of her probation." See Walker letter dated February 11, 2008, which is attached hereto as Exhibit A.

- 1 -

3.    The Respondent is the sole Florida partner of a multi-state and multi-national law firm known as Hess Kennedy. The law firm maintains offices in New York, California, and the Cayman Islands and has a substantial presence in Coral Springs, Florida. Notwithstanding that the law firm uses the services of multiple members of The Florida Bar and has more than one partner, The Florida Bar has selectively decided that each grievance referenced below, should only be directed against the Respondent for acts that may have been caused by others.

4.    Prior to the expiration of her probationary period, The Florida Bar has engaged in a review of certain complaints filed by eight distinct clients,[1] which has resulted in an amended finding of probable cause dated January 23, 2008. See Exhibit A to the Bar's pleading.

5.    The Respondent has fully cooperated in the investigation of these matters. Further, she verily believes that the Bar is incorrect on the merits of the allegations that seem to concern the Bar and that The Florida Bar has wrongfully failed to follow the Rules Regulating The Florida Bar[2] in conducting its investigation into these complaints. A true and correct copy of the Respondent's response to these grievances is attached hereto as Exhibit B.    Lastly, the

---

[1]    None of which are residents of Florida.

[2]    In particular the Respondent believes that the Bar has failed to follow R. Regulating Fla. Bar Bar 3-7.1 which imposes upon The Florida Bar the obligation of confidentiality and R. Regulating Fla. Bar 3-7.4(h) which requires the Bar to give adequate notice to an attorney prior to a finding of probable cause.

-2-

Respondent has been able to satisfy the concerns of each of the aforementioned complainants (primarily requests for a fee refund); each of these individuals, have expressed a desire to withdraw their complaint and have written letters to the Bar advising the Bar that the dispute has been resolved.  See composite Exhibit C attached hereto which includes those letters in the Respondent's possession that document these withdrawals.

6.    While the Respondent understands that the merits of the underlying grievances will need to be fully addressed before a Referee, she is confident that she will be found not guilty of each and every allegation that is currently being raised by The Florida Bar.

## Argument

7.    This dispute is governed, in part, by R. Regulating Fla. Bar 3-5.1(c) which reads in part:[3]

> Upon failure of a respondent to comply with the conditions of the probation or a finding of probable cause as to conduct of the respondent committed during the period of probation, the respondent *may* be punished for contempt on petition by The Florida Bar, as provided elsewhere in these Rules Regulating The Florida Bar. An

---

[3]    For reasons unknown, the recitation of R. Regulating Fla. Bar 3-5.1(c) set forth in the Bar's pleading is different than the current version of the Rule set forth on the Bar's web site.  In any event the current version of the rule governs this dispute.  See for example *The Florida Bar v. Greenberg*, 534 So. 2d 1142 (Fla. 1988) [New procedural rule concerning length of disbarment applied to case resolved after affective date of new rule.]

> order of the court imposing sanctions for contempt under
> this rule *may* also terminate the probation previously
> imposed. (emphasis supplied).

By the very terms and conditions of this rule, this proceeding is discretionary and
not mandatory.[4]   The Bar fails to explain how the new greivances relate the
Respondent's successful completion of her FLA probation. In truth and fact, there
is absolutely no nexus between the two cases. There are no similarities between
the two cases to indicate that the Respondent has engaged in any specific conduct
in contravention of the terms and conditions of her FLA probation.   To the
contrary, the Bar has admitted that the Respondent has met all of her FLA
obligations. See Ex. A attached hereto.

   8.    The Bar improperly seeks to suspend an attorney for allegedly
violating her probation and does so almost a month after the term of probation
concluded. If this were a criminal case (and the anaology to a probation violation
is very relevant) it would be very clear that what the Bar seeks would be incorrect
as a matter of law.  For example, in *Jones v. State*, 954 So. 2d 675 (Fla. 4th DCA
2007), the Court held that in order to violate someone's probation, the State needs
to initiate its proceeding prior to the expiration of the probationary period.

---

[4]    In fact the undersigned has been unable to find any recorded cases where the
Court has imposed a disciplinary sanction, under this rule merely for a finding of
probable cause. Anecdotally, the undersigned is aware of no case where the Bar
has sought this exact remedy and after consultation with several defense counsel
has not found a similar instance of prosecution on the grounds plead by the Bar.

9.    What the Bar truly seeks in this case is to engage in "stacking"[5] which

this Court found to be impermissible in *The Florida Bar v. Rubin*, 362 So. 2d 12,

16 (Fla. 1978).  In fact in this case the Court noted:

> The Bar has consistently demanded that attorneys turn
> "square corners" in the conduct of their affairs. An
> accused attorney has a right to demand no less of the Bar
> when it musters its resources to prosecute for attorney
> misconduct.  We have previously indicated that we too
> will demand responsible prosecution of errant attorneys,
> and that we will hold the Bar accountable for any failure
> to do so.

10.    As is stated above, R. Regulating Fla. Bar 3-5.1(c), is discretionary

and under all of the circumstances set forth above, this Court should decline the

Bar's request and allow the underlying disciplinary matter to proceed in the normal

fashion.


WHEREFORE the Respondent, LAURA L. HESS, respectfully requests that

the relief sought by the Florida Bar be denied or that this matter be referred to a

Referee for proper consideration of the merits of this matter and/or grant any other

relief that this Court deems reasonable and just.

---

[5]    Impermissibly combining cases to seek a sterner sanction.  The Bar seeks to
secure a suspension on this alleged violation of probation as a precursor to its other
prosecution so it can argue for an enhanced sanction based upon a prior
disciplinary record.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. mail to: Kathy Jane Bible, The Florida Bar, 651 East Jefferson, Tallahassee, FL 32399, Juan C. Arias, Bar Counsel, The Florida Bar, 5900 N. Andrews Ave., Suite 900, Ft. Lauderdale, FL 33309, and to Kenneth Marvin, Staff Counsel, The Florida Bar, 651 East Jefferson , Tallahassee, FL 32399 on this _7_ day of March, 2008.

Respectfully submitted,

RICHARDSON & TYNAN, P.L.C.
Attorneys for Respondent
8142 North University Drive
Tamarac, FL 33321
954-721-7300

By: _____
          KEVIN P. TYNAN, ESQ.
          TFB No. 710822

- 6 -

# EXHIBIT B

# HESS KENNEDY COMPANY
## CHARTERED

March 7, 2008

Deonna Coopers
6463 Lamplighter Ridge
Glen Burnie, MD 21061

*Re: Your File #12009*

Dear Ms. Coopers

Enclosed please find a check dated March 7, 2008 in the amount of $477.00. This check (Number 6631) is a return of monies that accumulated in the escrow account with our firm in reference to resolving your contracted creditors with our office.

Finally, we regret that we could not service you as a client and if you have any questions please contact our office at (877) 556-3328.

Sincerely,


Hess Kennedy Company Chartered

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHASE BANK USA, N.A.,

    Plaintiff,

    v.

HESS KENNEDY CHARTERED, LLC,
LAURA L. HESS, EDWARD T. KENNEDY,
LAURA HESS & ASSOCIATES, P.A.,
HESS KENNEDY HOLDINGS, LTD.,
HESS KENNEDY COMPANY CHARTERED
BWI, THE CONSUMER LAW CENTER, LLC,
THE CONSUMER LAW CENTER OF DELRAY
BEACH, LLC, THE CONSUMER LAW
CENTER OF BOCA RATON, INC., THE
CAMPOS CHARTERED LAW FIRM, JEFF
CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL
DEBT CENTER, LLC,

    Defendants.

Civil Action No. 08-121-JJF

## AFFIDAVIT OF JOHN C. SIMONS

    1.    My name is John C. Simons. I am a Vice President and Assistant General Counsel for JPMorgan Chase Bank, N.A. and am assigned to Chase Bank USA, N. A. I have worked in this capacity since 2001. I have personal knowledge of the business and legal affairs of Chase Bank USA, N.A. and its predecessor, Bank One, Delaware, N.A. (herein collectively known as "Chase"). I also have personal knowledge of the matters set forth herein, and attest that they are true and correct.

    2.    Defendants sent or caused Chase cardmembers to send sham billing error dispute letters directly to Chase in Delaware in 2006, prior to any meeting with or alleged "instruction" to defendants.

    3.    On July 20, 2007, Chase's Florida counsel, another representative of Chase and I met with Laura Hess and a person identified as Edward Kennedy in Miami to

discuss a lawsuit Laura Hess and Hess Kennedy had filed on behalf of an individual client against Chase pursuant to the billing error scheme and to demand that defendants cease their unlawful conduct.

    4.     After the July 20, 2007 meeting, sham billing error dispute letters continued to be sent directly to Chase in Delaware.

    5.     In late November 2007, however, defendants unilaterally began to send or caused cardmembers to send sham billing error dispute letters to Chase's Florida counsel who had attended the July 20, 2007 meeting.

    6.     In response, Chase's Florida counsel notified defendants by letters dated December 6, 2007 that he did not have authority to receive such correspondence and that cardmembers should write Chase: "Please inform whomever is sending these that I have no authority [to] receive such letters on behalf of Chase, and such letters do not constitute notice to Chase (if they do in fact constitute bona fide billing errors, which they do not)."

    7.     True and correct copies of the December 6, 2007 letters from Chase's Florida counsel to defendants are attached to Chase's Sur-Reply as Exhibit D.

    8.     At the time Chase's Florida counsel wrote these letters, defendants had already sent or caused Chase cardmembers to send more than 3000 sham billing error dispute letters directly to Chase in Delaware.

    9.     I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury. I swear that the foregoing is true and correct to the best of my knowledge.

Dated: May 1, 2008

_John C. Simons_
John C. Simons

Sworn to and subscribed
before me this 1st day of
_May_____, 2008.

_Karen McAmeney_
Notary Public

My commission expires: 5/10/2009

# EXHIBIT D

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

# CARLTON FIELDS

ATTORNEYS AT LAW

Corporate Center Three
at International Plaza
4221 W. Boy Scout Boulevard
Tampa, Florida 33607-5780
P.O. Box 3239
Tampa, Florida 33601-3239

813.223.7000
813.229.4133 fax
www.carltonfields.com

Robert M. Quinn
813 229.4217 direct
rquinn@carltonfields.com

December 6, 2007

Robert C. Buschel, Esq.
Rothstein Rosenfeldt Adler
Las Olas City Centre
401 E. Las Olas Blvd., Suite 1650
Ft. Lauderdale, FL 33301

      Re:    Chase Bank, N.A./Hess Kennedy

Dear Mr. Buschel:

Thank you for your letter dated November 21, 2007. Please inform me whether in addition to representing Hess Kennedy, LLC you represent any of the other Hess Kennedy entities, which have slightly different names, such as Hess Kennedy Company, Hess Kennedy Law firm, etc., and whether you also represent Laura Hess individually.

In addition, please inform me whether you represent The Consumer Law Center, or Campos Chartered Law Firm.

Finally, I have received several letters directly from Chase credit card holders, and corresponding letters from The Consumer Law Center on behalf of each card holder, addressed to Chase, but sent to me. Please inform whomever is sending these that I have no authority receive such letters on behalf of Chase, and such letters do not constitute notice to Chase (if they do in fact constitute bona fide billing errors, which they do not).

Please call if you have any questions.

Very truly yours,

Robert M. Quinn

RMQ/lr

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

# CARLTON FIELDS

### ATTORNEYS AT LAW

Corporate Center Three
at International Plaza
4221 W. Boy Scout Boulevard
Tampa, Florida 33607-5780
P.O. Box 3239
Tampa, Florida 33601-3239

813.223.7000
813.229.4133 fax
www.carltonfields.com

Robert M. Quinn
813 229.4217 direct
rquinn@carltonfields.com

December 6, 2007

The Consumer Law Center
210 N. University Dr., Suite 900
Coral Springs, FL 33071

**CERTIFIED MAIL,
RETURN RECEIPT REQUESTED
7006 0810 0004 7308 6442**

To Whom It May Concern:

I have recently received numerous letters which purport to commence billing disputes on behalf of various Chase Bank USA, N.A. credit card holders, and corresponding letters from The Consumer Law Center on behalf of the same card holders.

The purpose of this letter is to inform you that I have no authority to receive such letters on behalf of Chase Bank, and that none of the letters you have sent me shall constitute notice of any kind to Chase Bank (if they do in fact constitute bona fide billing errors, which they do not).

If you or your clients wish to write Chase Bank USA, N.A., please send the mail to the address for notice specified in the respective card holder agreements, or in the periodic statements sent to card holders.

Very truly yours,

Robert M. Quinn

RMQ/lr

12469242.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion of Chase Bank USA, N.A. for Leave to File a Sur-Reply, and Chase Bank USA, N.A.'s Sur-Reply in Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the Southern District of Florida, were served on May 1, 2008 by first-class U.S. Mail, postage prepaid, upon defendants' counsel:

> Robert K. Beste, Jr.
> Cohen Seglias Pallas Greenhall and Furman, P.C.
> Suite 1130, Nemours Building
> 1007 Orange Street
> Wilmington, Delaware 19801

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll