IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHASE BANK USA, N.A., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HESS KENNEDY CHARTERED, LLC, : | |
| LAURA L. HESS, EDWARD T. KENNEDY, : | Civil Action No. 08-121-JJF |
| LAURA HESS & ASSOCIATES, P.A., : | |
| HESS KENNEDY HOLDINGS, LTD., : | |
| HESS KENNEDY COMPANY CHARTERED : | |
| BWI, THE CONSUMER LAW CENTER, LLC, : | |
| THE CONSUMER LAW CENTER OF DELRAY : | |
| BEACH, LLC, THE CONSUMER LAW : | |
| CENTER OF BOCA RATON, INC., THE : | |
| CAMPOS CHARTERED LAW FIRM, JEFF : | |
| CAMPOS, P.A., JEFFREY S. CAMPOS, LEGAL : | |
| DEBT CENTER, LLC, : | |
| : | |
| Defendants. : | |

## RESPONSE IN OPPOSITION TO PLAINTIFF CHASE BANK USA, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MAY 5, 2008 MEMORANDUM

COMES NOW, the Defendants, HESS KENNEDY CHARTERED, LLC; LAURA L. HESS; EDWARD T. KENNEDY; LAURA HESS & ASSOCIATES, P.A.; HESS KENNEDY HOLDINGS, LTD.; HESS KENNEDY COMPANY CHARTERED BWI; THE CONSUMER LAW CENTER, LLC; THE CONSUMER LAW CENTER OF DELRAY BEACH, LLC; THE CONSUMER LAW CENTER OF BOCA RATON, INC.; THE CAMPOS CHARTERED LAW FIRM; JEFF CAMPOS, P.A.; JEFFREY S. CAMPOS; and LEGAL DEBT CENTER, LLC, by and through undersigned counsel and hereby files this Response in Opposition to Plaintiff Chase Bank USA, N.A.'s

Memorandum of Law in Support of Motion to Strike Defendants' May 5, 2008 Memorandum, and in support thereof sets forth the following:

Defendants' assertion in its May 5, 2008 memorandum that alleged Chase Bank USA, N.A. ("Chase") misled the Court because it did not disclose that the moving defendants had clarified the March 10, 2008 statement by Laura Hess to the Florida Supreme Court upon which Chase was relying, remains an accurate statement. Counsel for Chase relied upon a single pleading in an entirely separate Florida Bar action, in making its potentially damaging assertions contained within Plaintiff's Request to File a Sur-Reply. Truth be told, the Florida Bar action that counsel for Chase relied upon was referenced to by opposing counsel without having reviewed the entire record including additional pleadings and extensive discovery, including a "clarification" as previously asserted. In addition, opposing counsel had failed to contact the attorneys handling the Florida Bar matter to make sure their assertions were accurate and if they had done so, they would have been properly advised.

On or about June 4, 2008, undersigned did send Chase's counsel an email with attachment including a copy of the transcript of the sworn statement of Laura Hess taken by the Florida Bar. However, in this "clarification" document, Laura Hess does not state that Hess Kennedy Chartered is a multi-state and multi-national law firm, as Chase has asserted in its Motion to Strike.

Notwithstanding the erroneous arguments contained in Plaintiff's Motion to Strike, and its continued attempts to disrupt the judicial efficiency of this Court, the fundamental issue of concern remains whether Hess Kennedy operates in a multi-jurisdictional area as Chase has asserted or whether Hess Kennedy, at the present time, only conducts business in its Coral Springs, Florida office. The resolution of this simple query will resolve the parties' extensive and redundant divergence, which does nothing more than waste this Court's valuable time. Despite its relative

simplicity, the answer to this question is vital to this Court's ruling upon Defendants' Motion to Dismiss, which bases its argument upon Plaintiff's lack of personal jurisdiction, improper venue and/or in the alternative forum non conveniens in bringing the instant action, due entirely to Hess Kennedy presently conducting business in only Coral Springs, Florida. (*See*, Defendants' Motion to Dismiss/Improper Venue, Docket Entry No. 5).

To put this issue to rest, the Defendants' are attaching the Affidavit of Edward Cherry, the business manager and litigation coordinator of Hess Kennedy (the "Affidavit") (attached hereto and incorporated herein as **Exhibit "A"**). In the Affidavit, Mr. Cherry explains that Hess Kennedy's previous letterhead did indicate that Hess Kennedy operated a multi-jurisdictional and multinational law practice. (*See*, Affidavit of Edward Cherry, ¶ 5). Subsequent to the filing of the complaint by the Florida Bar, to which Chase's counsel erroneously relied upon in its deficient Request to File a Sur-Reply, but prior to the filing of the Memorandum of Law that is the subject matter of the Affidavit, Laura Hess provided testimony to the Unlicensed Practice of Law Division of the Florida Bar relating to the multi-jurisdictional and multinational aspects of the law firm Hess Kennedy. (*See*, Affidavit of Edward Cherry, ¶ 7). The provided testimony and related motions in said action were based upon the information that was available at the time, namely that the attorney's in the jurisdictions outside of Florida had established bona fide law offices in the jurisdictions identified on the firm's letterhead. (*See*, Affidavit of Edward Cherry, ¶ 8).

It was later learned that the attorneys had failed to establish bona fide law offices, which was clarified to the Florida Bar through confidential telephonic communications as well as live testimony to the Florida Bar. (*See*, Affidavit of Edward Cherry, ¶ 9). However, Chase's counsel never made the effort to further verify or clarify these matters.

The Hess Kennedy firm has since corrected its letterhead to include the Coral Springs address, the only jurisdiction in which the law firm operates its law practice. (*See*, Affidavit of Edward Cherry, ¶ 10). The firm of Hess Kennedy has never operated a multi-jurisdictional and multinational law practice as those terms are defined by the Florida Rules of Professional Conduct, as all legal services performed by Hess Kennedy are performed in the State of Florida, and any document stating otherwise has since been clarified. (*See*, Affidavit of Edward Cherry, ¶ 11). The Florida Bar has been notified of the corrections to the corporate filings and letterhead of the firm and upon information and belief the Plaintiff has not contacted the Florida Bar to confirm the clarification of this issue. *Id*.

Again, as previously stated, the incomplete filings that the Plaintiff relied upon in the Florida Bar case were in existence and in the public records when the Plaintiff filed its initial opposing memorandum. Notwithstanding, the Affidavit of Edward Cherry puts this issue to rest. Hess Kennedy believe the attorney's in jurisdictions outside of Florida it had a relationship with had in fact taken the steps to establish themselves as bona fide law firms, however, it was later learned that this was not the case and thereby they had not in any way conferred any form of jurisdiction on Hess Kennedy because they in fact did not open Hess Kennedy offices and consequently did not subject Hess Kennedy to jurisdiction in those place. Those lawyers actually operated business under the names of their own individual law firms and not as Hess Kennedy offices. Thereafter, Laura Hess promptly informed the Florida Bar of this fact and corrected the applicable corporate filings of Hess Kennedy and corrected the firm's letterhead. Most importantly, Hess Kennedy does not now and has never operated outside the jurisdiction of Florida, as the Florida Rules of Professional Conduct defines said practice. Hence, the Plaintiff's prior motions entirely lack merit, the Defendants'

arguments contained within its Motion to Dismiss are hereby confirmed, and this Court should respectfully deny Plaintiff's Motion to Strike.

Whereby, it is hereby requested that this Court deny Plaintiff's Motion to Strike Defendants' May 5, 2008 Memorandum.

**Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

_/s/ Robert Beste_
Robert K. Beste, Jr. (I.D. No. 154)
1007 Orange St., Suite 1130, Nemours Building
Wilmington, Delaware 19801
Phone: 302-425-5089; Fax. 302-425-5097

Date: June 12, 2008

Of Counsel:
David J. Feingold, Esq. (Fla. Bar 0892823)
Feingold & Kam
5100 PGA Blvd., Second Floor
Palm Beach Gardens, FL 33418
Phone: 561-630-6727; Fax 561-630-8936
E-Mail: David@FKfirm.com
Pro Hac Vice Counsel for Listed Defendants

## SWORN TO ACKNOWLEGMENT

We the undersigned are Defendants in Federal lawsuits pending outside of the State of Florida. We hereby acknowledge that we have read this reply to Plaintiff's response in opposition and acknowledge that we do not maintain any offices, phone numbers, employees or do any business or dealings in the forum state. We operate our services from offices located in the State of Florida and all witnesses, documents, and matters to be provided in discovery are similarly located in the State of Florida. We have read the statements made in the reply to Plaintiff's response in opposition and they are true and correct and all of the information contained therein is accurate based on my personal knowledge. I the undersigned have full authority to sign this document which is to be utilized in the aforementioned reply to Plaintiff's response in opposition and I make this submission



Hess Kennedy Chartered, LLC

Hess Kennedy Holdings, LTD.

The Campos Chartered Law Firm

The Consumer Law Center, LLC

Laura L. Hess

Laura Hess & Assoc, P.A.    as  V/

Hess Kennedy Company Chartered BWI

Jeff Campos, P.A.

Jeffrey Campos

Defendants:

HESS KENNEDY CHARTERED, LLC; LAURA L. HESS; LAURA HESS & ASSOCIATES, P.A.; HESS KENNEDY HOLDINGS, LTD.; HESS KENNEDY COMPANY CHARTERED BWI; THE CONSUMER LAW CENTER, LLC; THE CAMPOS CHARTERED LAW FIRM; JEFF CAMPOS, P.A.; and JEFFREY CAMPOS

**EXHIBIT "A"**

## AFFIDAVIT OF EDWARD CHERRY

STATE OF FLORIDA            :
                            :
COUNTY OF BROWARD           :

The undersigned, Edward Cherry having been duly sworn, hereby deposes and states that:

1. I am over 21 years, otherwise *sui juris*, a resident of Broward County, Florida, and believe in the obligations of an oath.

2. This affidavit is based upon my personal knowledge.

3. I am the business manager and litigation coordinator of Hess | Kennedy and I am assisting in and participating in ongoing litigation styled The Florida Bar v. Laura L. Hess.

4. One aspect of the litigation initiated by the Florida Bar complains of the letterhead utilized by the law firm Hess | Kennedy.

5. The letterhead identifies jurisdictions other than Florida as being jurisdictions in which Hess | Kennedy maintains and operates a multi-jurisdictional and multinational law practice.

6. It was my belief that the attorneys in those jurisdictions were not private practitioners but had in fact established "bona fide" law offices with appropriate signage and corporate filings establishing Hess | Kennedy as a multi-jurisdictional and multinational law firm.

7. Subsequent to the filing of the complaint by the Florida Bar, but prior to the filing of the Memorandum of Law that is the subject matter of this affidavit, Laura Hess provided testimony to the Unlicensed Practice of Law Division of the Florida Bar relating to the multijurisdictional and multinational aspects of the law firm Hess | Kennedy and has filed motions through counsel.

8. The testimony and motions were based upon the information that was available at the time and related to my belief that the attorneys had established bona fide law offices in the jurisdictions identified on the firm's letterhead.

9. It was since clarified through confidential telephonic communications with the Florida Bar as well as live testimony given in connection with the Florida Bar action that none of the attorneys had followed my instructions and established bona fide law offices in the jurisdictions identified on the firm's letterhead.

10. The firm has since corrected its letterhead to include the Coral Springs address, the only jurisdiction in which the law firm operates its law practice.

11. The firm has never operated a multi-jurisdictional and multinational law practice as those terms are defined by the Florida Rules of Professional Conduct, all legal services performed by Hess | Kennedy are performed in the State of Florida, and any testimony alleging that Hess | Kennedy operates a multijurisdictional and multinational law practice has since been corrected. The Florida Bar has been notified of the corrections to the corporate filings and letterhead of the firm and upon information and belief the Plaintiff has not contacted the Florida Bar to confirm the clarification of this issue.

**FURTHER AFFIANT SAYETH NAUGHT.**

Sworn and subscribed before me June 9, 2008.



Notary Public
State of Florida

Personally known.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June __12__, 2008, I electronically filed the foregoing "Response in Opposition to Plaintiff Chase Bank USA, N.A.'s Memorandum of Law in Support of Motion to Strike Defendants' May 5, 2008 Memorandum." I also certify that the foregoing document is being served by First-Class Mail, on the parties listed below.

Beth Moskow-Schnoll (Bar I.D. No. 2900)
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801

OF COUNSEL:
David H. Pittinsky, Esq./Alan S. Kaplinsky, Esq.
Mark J. Levin, Esquire
BALLARD SPAHR ANDREWS
& INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

**Attorneys for Plaintiff
Chase Bank USA, N.A.**

 

_____
Robert K. Beste, Jr. (I.D. No. 154)
Cohen Seglias Pallas Greenhall and Furman, P.C.
1007 Orange St., Suite 1130, Nemours Building
Wilmington, Delaware 19801
Tel. 302-425-5089; Fax. 302-425-5097

Of Counsel:
David J. Feingold, Esq. (Fla. Bar 0892823)
Feingold & Kam
5100 PGA Blvd., Second Floor
Palm Beach Gardens, FL 33418
Ph 561-630-6727; Fx 561-630-8936
*Pro Hac Vice Counsel for Listed Defendants*