LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

919 NORTH MARKET STREET, 12TH FLOOR
WILMINGTON, DELAWARE 19801-3034
(302) 252-4465
FAX: (302) 252-4466
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC

BETH MOSKOW-SCHNOLL
DIRECT DIAL: 302-252-4447
PERSONAL FAX: 302-355-0221
MOSKOWSCHNOLLB@BALLARDSPAHR.COM

August 28, 2008

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   **Chase Bank, USA, N.A. v. Hess Kennedy Chartered, LLC, et al.**
      **Civil Action No. 08-121-JJF**

Dear Judge Farnan:

Shortly after Chase Bank, USA, N.A. ("Chase") filed its complaint against the defendants in this action, Capital One Bank (USA) N.A., Capital One, N.A. and Capital One Auto Finance, Inc. (collectively "Capital One") filed a complaint in the Eastern District of Virginia raising similar allegations against Hess Kennedy Chartered, LLC, Hess Kennedy Holdings, Ltd., Consumer Credit Counseling of America, Inc., The Campos Chartered Law Firm and the Consumer Law Center, LLC. As they did in the matter before this Court, in that case, the defendants brought a motion to dismiss arguing that the court lacked personal jurisdiction over them. On July 3, 2008, Judge Henry Hudson denied the defendants' motion to dismiss largely based on evidence showing that the defendants in that action had sent over 1,000 letters to Capital One in Virginia. A copy of Judge Hudson's Memorandum Opinion is attached hereto.

On August 7, 2008, **after** the Broward County Circuit Court in Florida entered an *ex parte* order placing, *inter alia*, Hess Kennedy Chartered, LLC, Laura Hess & Associates, P.A., Hess Kennedy Holdings, Ltd., The Consumer Law Center, LLC, the Campos Chartered Law Firm and Legal Debt Center, LLC -- all defendants in the case pending before this Court -- into receivership, and after hearing from the parties in the action, Judge Hudson set trial in the Capital One matter for January 20-21, 2009. Thus, the fact that several of the defendants have been placed into receivership has not stayed the Virginia proceedings.

DMEAST #10103080 v1

August 28, 2008
Page 2


Therefore, we respectfully renew our request for oral argument on Chase's Motion to Strike Defendants' May 5, 2008 Memorandum, D.I. 12, and on all other pending motions, specifically the defendants' Motion to Dismiss for Lack of Personal Jurisdiction, D.I. 5.

Respectfully,

Beth Moskow-Schnoll

BMS/
Enclosure

cc:   Robert K. Beste, Jr., Esquire (w/encl.)
      Rene D. Harrod, Esquire (w/encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CAPITAL ONE BANK (USA) N.A., ) | |
| CAPITAL ONE, N.A., and ) | |
| CAPITAL ONE AUTO FINANCE, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV147–HEH |
| ) | |
| HESS KENNEDY CHARTERED, LLC, ) | |
| HESS KENNEDY HOLDINGS, LTD., ) | |
| CONSUMER CREDIT COUNSELING ) | |
| OF AMERICA, INC., THE CAMPOS ) | |
| CHARTERED LAW FIRM, and ) | |
| THE CONSUMER LAW CENTER, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**(Denying Defendants' Motions to Dismiss and
Granting Plaintiffs' Motion to Amend)**

THIS MATTER is before the Court on three motions: Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and/or in the Alternative *Forum Non Conveniens*, joined by all Defendants except Consumer Credit Counseling of America, Inc. ("CCCA"); CCCA's separate Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and Plaintiffs' Motion for Leave to File an Amended Complaint. The parties have filed extensive memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and

argument would not aid in the decisional process. For the reasons stated below, the Court will deny Defendants' Motions to Dismiss and will grant Plaintiffs' Motion to Amend.

## I. Background

Plaintiffs, who are in the business of extending credit to consumers, allege that Defendants are "engaged in a fraudulent conspiracy to interfere with and disrupt the business of Plaintiffs [and] defraud consumers." (Compl. ¶ 1.) Defendant CCCA apparently solicits consumers via advertising for "debt reduction services." The other defendants then agree to represent those consumers in disputing what Plaintiffs allege are valid debts. According to the Complaint, Defendants encourage these consumers to stop payments on their debts and send form letters to Plaintiffs demanding the discharge of any account balance. Plaintiffs assert that they have received more than 8,000 letters disputing over 7,300 accounts and involving over $16,000,000 in credit. (Compl. ¶¶ 26–27.) Plaintiffs further aver that these actions constitute violations of the Credit Repair Organization Act, tortious interference with business relations, and conspiracy.

The defendants have filed two separate Motions to Dismiss, and Plaintiffs have filed a Motion to Amend their Complaint. These motions will be considered seriatim.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Hess Kennedy Chartered, LLC, Hess Kennedy Holdings, Ltd., the Campos Chartered Law Firm, and the Consumer Law Center, LLC (collectively referred to as the

"law firm defendants"[1]) ask this Court to dismiss the case for lack of personal jurisdiction, improper venue, or *forum non conveniens*. The law firm defendants claim that they "do not have any contacts with this State" (Mem. Supp. Mot. to Dismiss 1–2) and that therefore this Court lacks jurisdiction over them. The Court, having received a full box of letters sent from these defendants to Plaintiffs' Virginia offices, disagrees.

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). When a district court decides the issue without an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether jurisdiction is appropriate, the Court resolves all factual disputes and draws all inferences in favor of the plaintiff. *See Mylan Labs.*, 2 F.3d at 60.

Personal jurisdiction must satisfy both statutory and constitutional requirements to be proper. Under the Virginia long-arm statute, personal jurisdiction extends "to a cause of action arising from the person's . . . [t]ransacting any business" in Virginia or

---

[1] The Court notes that despite apparently providing legal services, not all these defendants are in fact "law firms." Many, but not all, of the letters sent by the Consumer Law Center clarify that "The consumer law center is not a law firm." (Letters, Ex. A, Pls.' Resp. Mot.) The Court also observes that those Consumer Law Center letters with the disclaimer have the same return address and even the same phone number as the letters from Hess Kennedy Company Chartered, most of which contain the disclaimer that they are from individuals who are "Not a member of the Florida bar." (Letters, Ex. A.)

3

"[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if . . . [the person] engages in any . . . persistent course of conduct" in Virginia. Va. Code Ann. § 8.01-328.1(A)(1), (4). "This statute has been construed to extend personal jurisdiction to the full extent permitted by the Due Process Clause. Accordingly . . . the statutory and constitutional inquiries coalesce into the question of whether [Defendants] had sufficient minimum contacts with Virginia to satisfy due process requirements." *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000) (citations omitted).

In their motion, the law firm defendants argue that "[a]t a bare minimum, the most that could ever be asserted by the Plaintiffs . . . is that they may have received a letter or telephone call" from Defendants. (Mem. Supp. Mot. to Dismiss 7.) Further, the law firm defendants argue that they "do not have offices in the forum state, do not have telephone numbers in the forum state and do not travel to the forum state," and therefore cannot be subject to personal jurisdiction here. (Mem. Supp. Mot. to Dismiss 7.) Plaintiffs rebut this argument with evidence of well over 1,000 letters collectively sent from Defendants to Capital One in Virginia, and additional letters indicating that the law firm defendants represent at least 197 consumers who reside in Virginia. This Court has verified that a sufficient number of contacts were initiated by each individual defendant. It has long been recognized that

> [j]urisdiction . . . may not be avoided merely because the defendant did not physically enter the forum State. . . . [I]t is an inescapable fact of modern

> commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). The law firm defendants' letters to Plaintiffs clearly constitute business transactions purposefully directed toward Plaintiffs in Virginia, bringing the law firm defendants within the scope of the Virginia long-arm statute and providing a prima facie showing of more than the necessary minimum contacts with the forum state. Moreover, taking the allegations of the Complaint as true for the purpose of this motion, the letters sent by the law firm defendants from outside Virginia, as part of a persistent course of conduct, have caused tortious injury to Plaintiffs in Virginia, again creating more than sufficient contacts with the forum state.

The law firm defendants counter that Plaintiffs have forced their choice of jurisdiction by requiring that all correspondence be sent to their Virginia office. Of course, Defendants are correct insofar as there must "be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). For any exercise of personal jurisdiction, "the defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way." *Id.*

However, the law firm defendants' actions again belie their claims. The Complaint notes that over eight thousand letters were sent by the law firm defendants to Plaintiffs' offices nationwide. Defendants have therefore collectively sent over 6,000 letters to Plaintiffs' offices *outside* Virginia, namely the Texas and Utah offices of Capital One. (Pls.' Opp. Mot. 4, fn.1.) With only about 15% of the law firm defendants' correspondence having been sent to Virginia, the law firm defendants were clearly not forced to direct their correspondence to the forum state. The Court concludes that the law firm defendants, by writing over a thousand letters to Plaintiffs in Virginia, purposefully availed themselves of the privilege of conducting business activities in the forum state, and are subject to personal jurisdiction here.

The law firm defendants next argue that venue is not proper in this Court, or in the alternative, that the case should be dismissed or transferred pursuant to *forum non conveniens*. Under 28 U.S.C. § 1391(b)(2), in a case where "jurisdiction is not founded solely on diversity of citizenship," venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Defendants' argument is apparently that since *their* actions to contact Plaintiffs took place in Florida, the "events . . . giving rise to the claim" also occurred in Florida. However, as noted above, the letters were received and the injury to Plaintiffs occurred in the forum state. Further, Defendants' claim that they "may have [sent] a letter" to Plaintiffs is contradicted by the literal weight of the evidence. Despite Defendants' protestations that any contact

with Plaintiffs is tangential and not a "substantial part" of the events giving rise to the claim, these contacts are in fact the very basis for the claim. The Court therefore finds that venue is proper.

Of course, despite venue being proper in this Court, 28 U.S.C. § 1404(a) allows that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although the law firm defendants argue that the case would be more convenient for them if it were transferred to their home state, this argument fails to outweigh the plaintiffs' right to choose a venue. The Fourth Circuit has "recognize[d] the primary right of the plaintiff to choose his forum" and noted that that "selection [is] not easily to be overthrown." *Akers v. Norfolk & W. Ry. Co.*, 378 F.2d 78, 80 (4th Cir. 1967). Given that much of Plaintiffs' evidence can be expected to be found in Virginia, none of the law firm defendants' arguments convince this Court that the case should be transferred or dismissed pursuant to *forum non conveniens*. The law firm defendants' motion will therefore be denied in its entirety.

### III. Motion to Dismiss for Failure to State a Claim

Defendant CCCA separately asks this Court to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. CCCA asserts that where the Complaint alleges that misrepresentations were made, those allegations must be pled with the specificity required by Rule 9(b). Specifically, Plaintiffs claim in Count One that

7

Defendants violated the Credit Repair Organization Act, 15 U.S.C. § 1679b(a)(3), which prohibits making or using "any untrue or misleading representation of the services of [a] credit repair organization." The Court will assume *arguendo* that Rule 9(b) applies to Plaintiffs' claim under the Credit Repair Organization Act.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

However, where fraud is alleged, "the circumstances constituting fraud or mistake shall be pled with particularity." Fed. R. Civ. P. 9(b). In particular, the complaint must "specifically allege the time, place and nature of the fraud." *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990). However, at this early stage in a case, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1)

that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Here, CCCA correctly observes that Plaintiffs' Complaint does not allege a specific time or place at which the alleged fraudulent communications occurred. At this stage, Plaintiffs are not privy to their customers' communications with CCCA, and with the law firm defendants apparently obstructing Plaintiffs' contacts with their own clients,[2] such specifics are inaccessible to the plaintiff prior to discovery. While the Complaint asserts only a shallow factual basis for Plaintiffs' claim of misrepresentation under the Credit Repair Organization Act, those facts are deemed to be minimally sufficient for the purposes of a 12(b)(6) motion. At this stage, the defendants are clearly on notice of the circumstances of their alleged misrepresentations, and Plaintiffs' provision of over one thousand letters containing the statements at issue certainly constitutes the "substantial prediscovery evidence" required. Defendant CCCA's Motion to Dismiss Count One will therefore be denied.

---

[2] The letters from the law firm defendants warn Plaintiffs against attempting to contact their clients, ranging from mild ("Please direct any and all future communications to our firm.") to threatening ("[C]ease and desist from any telephone communications with my client, my client's family members, my client's neighbors or workplace. . . . I will aggressively pursue any claims that arise."). (Letters, Ex. A.)

CCCA further argues that Counts Two and Three are insufficiently pled, in that the Complaint fails to establish any specific actions CCCA has taken to interfere with Plaintiffs' business relations or to conspire with the law firm defendants. Again, under the familiar Rule 12(b)(6) standard, this Court must "assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952. The Complaint alleges that the "fraudulent scheme is initiated by Defendant CCCA who solicits consumers" for their "debt reduction services." (Compl. ¶ 4.) Additionally, Plaintiffs allege that "CCCA takes additional information regarding the consumer [and] his debts . . . [and] sends the consumer's information to one of the law firm defendants." (Compl. ¶ 19.) Assuming the truth of these assertions and viewing them in the light most favorable to Plaintiffs, the Complaint states adequate facts to allow Plaintiffs to proceed with their case. Defendant CCCA's Motion to Dismiss will therefore be denied as to all counts.

### IV. Motion for Leave to File Amended Complaint

Finally, Plaintiffs seek the Court's leave to file an amended complaint. This amendment, by the plaintiffs' assertions, "does not alter the parties or causes of action, but merely adds additional factual details." (Mot. Leave Amend Compl. 1.) Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that this Court "should freely give leave [to amend the complaint] when justice so requires." Here, in the interest of

obtaining a more complete statement of Plaintiffs' case and absent any demonstrated prejudice to the defendants, Plaintiffs' motion to amend will be granted.

However, the Court agrees with the law firm defendants that paragraphs 25 and 43 of the submitted Amended Complaint, as well as Exhibits 7 and 12, are immaterial to the allegations pending before this Court.[3] Pursuant to Rule 12(f), which allows that "[t]he court may [*sua sponte*] strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," those portions of the Amended Complaint must be removed. Plaintiffs must therefore re-file their Amended Complaint as modified. Similarly, Plaintiffs' Motion for Leave to File Florida Bar Complaint against Laura Hess, also titled as a "Request for Judicial Notice" of those same materials, will be denied.

### V. Conclusion

For the reasons stated above, Defendants' motions to dismiss will be denied and Plaintiffs' motion to amend will be granted, with the Amended Complaint to be modified as stated above.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 3, 2008
Richmond, VA

---

[3] Were the submitted materials *findings* of improper conduct rather than mere allegations or complaints, the Court might view them differently.