```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

CHASE BANK USA N.A.,             :
                                 :
        Plaintiff,               :
                                 :
    v.                           :  Civil Action No. 08-121-JJF
                                 :
HESS KENNEDY CHARTERED LLC       :
et al.,                          :
                                 :
        Defendants.              :
                                 :
```

## MEMORANDUM ORDER

Pending before the Court is a Motion To Dismiss For Lack Of Jurisdiction Over The Person filed by Defendant, Edward Cherry. In response to the Motion, Plaintiff filed a Motion For Leave To Conduct Jurisdictional Discovery And For An Extension Of Time (D.I. 87). In addition, Defendant Cherry has filed a Motion For Leave To File Sur-Reply In Opposition To Plaintiff's Motion For Leave Of Court To Conduct Jurisdictional Discovery And For Extension Of Time, which is unopposed. (D.I. 96.) For the reasons discussed, the Court will grant Plaintiff's Motion For Leave To Conduct Jurisdictional Discovery, grant Defendant Cherry's Motion For Leave To File Sur-Reply, and deny with leave to renew Defendant Cherry's Motion To Dismiss.

## I. BACKGROUND

Chase alleges that Defendant Cherry and others operated an unlawful, nationwide, debt elimination scheme, pursuant to which Chase cardmembers responsible for at least 12,000 credit card accounts failed to pay more than $75 million of debt legitimately

owed to Chase. (D.I. 82.) Chase alleges that Defendant Cherry was an active participant in the scheme and instructed Chase credit card holders to refuse to pay their outstanding debts to Chase and to file frivolous disputes with Chase concerning their payment obligations. (Id.) Chase further alleges that Cherry transferred more than $12 million in funds that consumers' expected to receive to himself, his family and his friends.

A number of the institutional Defendants have settled with Chase, and following these settlements, Chase filed an Amended Complaints. In response, Defendant Cherry filed the instant Motion To Dismiss.

## II. PARTIES' CONTENTIONS

By his Motion To Dismiss, Defendant Cherry, a resident of Florida, contends that the Court lacks personal jurisdiction over him. Alternatively, Defendant Cherry contends that this action should be dismissed under the doctrine of res judicata, or transferred to Florida based upon principles of forum non-conveniens.

In response to Defendant Cherry's Motion, Chase contends that it has alleged specific facts of personal jurisdiction, and therefore, limited jurisdictional discovery should be permitted to allow Chase to fully respond to Defendant's Motion to Dismiss. Specifically, Chase requests a 30 day period of discovery and an extension of the time to file its response to Defendant Cherry's

Motion to Dismiss. (Id.) Defendant Cherry opposes jurisdictional discovery on the grounds that the claims are frivolous and jurisdiction cannot be established.

### III. DISCUSSION

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(internal citation omitted). In order for a court to allow jurisdictional discovery and be assured that presented claims are not frivolous, the court "must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." Hansen v. Neumueller GmbH, 163 F.R.D. 471, 475 (D. Del. 1995). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys "R" Us, 318 F.3d at 456 (internal citation omitted).

By its Amended Complaint, Chase alleges that Defendant Cherry was a key principal in the debt consolidation scheme. Chase further alleges that Defendants fabricated legally insufficient form letters which they and Chase cardmembers sent to Chase in Delaware and caused Chase cardmembers to assert

frivolous claims against Chase in Court and in arbitrations commenced by Chase to collect on the delinquent credit card balances. According to Chase, Defendant Cherry also caused others to solicit Chase cardmembers in Delaware via the Hess Kennedy website.

The Court concludes that these allegations of the Amended Complaint taken as a whole, and the exhibits attached to the Amended Complaint suggest with reasonable particularity the possible existence of contacts between Cherry and the State of Delaware that support the exercise of personal jurisdiction. The Court is also unpersuaded, at this juncture, that Plaintiff's claims are frivolous. Accordingly, the Court will allow 30 days of limited discovery as requested by Plaintiff.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant Cherry's Motion For Leave To File Sur-Reply In Opposition To Plaintiff's Motion For Leave Of Court To Conduct Jurisdictional Discovery And For Extension Of Time (D.I. 96) is **GRANTED**.

2. Plaintiff Chase's Motion For Leave To Conduct Jurisdictional Discovery And For An Extension Of Time (D.I. 87) is **GRANTED**.

3. Defendant Cherry's Motion To Dismiss (D.I. 84) is **DENIED** with leave to renew upon conclusion of the jurisdictional discovery period.

3.  The parties may engage in discovery limited to issues of personal jurisdiction for **thirty (30) days** following the entry of this Memorandum Order.  At that time, Defendant may renew its Motion To Dismiss by either submitting a new Motion and Opening Brief or by letter to the Court requesting that the previously filed Motion and Opening Brief be reinstated.  Briefing shall commence on the new and/or reinstated Motion To Dismiss, in accordance with the local rules, unless otherwise agreed to by the parties.

July 29, 2010  
DATE

_____  
UNITED STATES DISTRICT JUDGE