IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHASE BANK USA N.A., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-121-LPS |
| LAURA L. HESS, et al., | : |
| Defendants. | : |

David H. Pittinsky, Esquire; Alan S. Kaplinsky, Esquire, and Mark J. Levin, Esquire of
BALLARD SPAHR LLP, Philadelphia, Pennsylvania.
Beth Moskow-Schnoll, Esquire of BALLARD SPAHR LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Laura L. Hess, Pro Se Defendant.

Edward Cherry, Pro Se Defendant.

Jeffrey M. Ostrow, Esquire and David Ferguson, Esquire of KOPELOWITZ OSTROW
FERGUSON WEISELBERG KEECHL, Fort Lauderdale, Florida.
Kathleen M. Miller, Esquire of SMITH KATZENSTEIN & FURLOW, LLP, Wilmington,
Delaware.

Attorneys for Defendants Eric Siversen, Home Plate Consultants, LLC and Self Made LLC.

## MEMORANDUM OPINION

January 6, 2011
Wilmington, Delaware



**Stark, District Judge:**

Pending before the Court are four Motions: (1) a Motion To Dismiss First Amended Complaint And Incorporated Memorandum Of Law (D.I. 100) filed by Defendants Eric Siversen ("Siversen"), Home Plate Consultants, LLC ("Home Plate"), and Self Made, LLC ("Self Made") (collectively, the "Siversen Defendants"); (2) a Motion To Dismiss For Lack Of Personal Jurisdiction, Res Judicata and Improper Venue (D.I. 105) filed by Defendant, Laura Hess ("Hess"); (3) a Renewed Motion To Dismiss For Lack Of Personal Jurisdiction, Res Judicata and Improper Venue (D.I. 84, 117) filed by Defendant, Edward Cherry ("Cherry"); and (4) a Motion For Sanctions Against Plaintiff (D.I. 128) filed by Defendant Cherry. For the reasons discussed, the Court will deny the Motions.

## I.    BACKGROUND

By its First Amended Complaint (the "Amended Complaint"), Plaintiff Chase Bank USA, N.A. ("Chase") alleges that various defendants caused Chase cardmembers to withhold more than $75 million in legitimate debt owed to Chase. According to Chase, these defendants operated several inter-related debt elimination or debt settlement companies that promised consumers a reduction in their debt. Chase maintains that defendants achieved this goal by threatening and harassing creditors like Chase with baseless legal claims and instructing cardholders to discontinue making payments on their accounts. Chase further alleges that these defendants charged their debt-laden clients significant fees for their debt elimination/reduction "services," and that the principals of these debt elimination/settlement companies – Defendants Hess, Cherry, and Siversen – illegally diverted significant portions of the fees collected to themselves, their families, and their friends.

1

Shortly before Chase filed its original Complaint in this action, the Attorney General of the State of Florida filed an action against several defendants named here, including Defendants Laura L. Hess, Hess Kennedy Chartered LLC, Laura Hess & Associates, P.A., and The Consumer Law Center, LLC. As a result, a Receiver was appointed.

Chase was not a party to the Florida action, but entered into a settlement and release agreement (the "Settlement Agreement") with the Receiver and the following entities: Laura Hess & Associates, P.A.; Hess Kennedy Chartered LLC; The Consumer Law Center, LLC; Hess Kennedy Company Chartered; Consumer Recover Team; Hess Kennedy Holdings Ltd.; Legal Debt Center; Hess Kennedy Company; Laura Hess, Inc.; Hess Kennedy; Legal Debt Center LLC; Hess Kennedy Florida; Hess Kennedy Chartered; Hess Kennedy, LLC; Hess Kennedy Payment; Hess Kennedy Trust Company; The Consumer Law Center, LC; Hess Kennedy Trust Account; Global Payment Processing, LLC; and The Campos Chartered Law Firm (collectively, the "Hess Kennedy Entities"). By the terms of the Settlement Agreement, Chase's claims against the Hess Kennedy Entities were released. The Settlement Agreement excluded certain parties from the effect of any releases contained in the Settlement Agreement, so that this action could continue. The Settlement Agreement was approved by the Florida Circuit Court and an injunction was entered against the Hess Kennedy Entities.

## II.   PARTIES' CONTENTIONS

### A.   Laura Hess's Motion To Dismiss

By her Motion To Dismiss, Defendant Laura Hess, a licensed attorney, contends that the Court lacks jurisdiction over her person, and that this action is barred by res judicata. With respect to personal jurisdiction, Defendant Hess contends that she is a citizen and resident of

2

Broward County, Florida; has had insufficient contact with the State of Delaware to establish

jurisdiction; and did not act as an agent or alter ego for any individual or business entity that has

had contact with Chase related to the allegations of Chase's Amended Complaint.  Defendant

Hess also contends that this case is barred by the doctrine of res judicata based on the Settlement

Agreement.  In the alternative, Defendant Hess requests that the Court transfer this action to

Florida based on the doctrine of forum non-conveniens.

In response, Chase contends that the Court has already denied a Motion To Dismiss filed

by Defendant Hess asserting similar, if not identical grounds.  Thus, Chase contends that the law

of the case precludes Defendant Hess from bringing this duplicative Motion.  To the extent

Defendant Hess's Motion is considered on the merits, Chase maintains that the Court has personal

jurisdiction over Defendant Hess consistent with the Delaware long-arm statute and constitutional

due process.  In addition, Chase contends that Defendant Hess was not a party to the Settlement

Agreement and, in fact, was expressly excluded from its terms, such that this action is not barred

by res judicata.  In addition, Chase contends that venue in this Court is proper and, therefore, the

Court should decline to transfer this case to Florida.

### B.     The Siversen Defendants' Motion To Dismiss

By their Motion To Dismiss, the Siversen Defendants contend that Chase lacks standing to

bring this action because the damages sought by Chase belong to the unidentified cardmembers,

who are indispensable parties to this action.  The Siversen Defendants further contend that the

Amended Complaint fails to allege sufficient facts to state claims of tortious interference with

contractual relations, unjust enrichment, abuse of process, a violation of Delaware's Deceptive

Trade Practices Act, a violation of Delaware's Consumer Fraud Act, and conspiracy.  In addition,

3

like Defendant Hess, the Siversen Defendants contend that this action is barred by the doctrine of res judicata based upon the Settlement Agreement.

In response, Chase contends that it has standing to bring this action because it has pled an injury in fact caused to it by the Siversen Defendants. In this regard, Chase points out that it is not asserting the injury that the Siversen Defendants caused the Chase cardmembers, but, instead, the injury that Chase sustained in the form of debts owed to Chase that were unpaid as a result of the Siversen Defendants' actions. Chase further contends that its claims are sufficiently pled under Fed. R. Civ. P. 12(b)(6), and that the arguments of the Siversen Defendants are based upon a misapplication of the heightened pleading standards required by Fed. R. Civ. P. 9(b). In addition, Chase contends that the Siversen Defendants were not parties to the Settlement Agreement but were excluded from its coverage, such that this action should not be dismissed based upon res judicata.

### C.   Defendant Cherry's Motion To Dismiss And Motion For Sanctions

Defendant Cherry's Motion To Dismiss is substantially similar to Defendant Hess's Motion in that Defendant Cherry also seeks dismissal for lack of personal jurisdiction and res judicata. Alternatively, Defendant Cherry requests the dismissal of this action for improper venue and/or the transfer of this action to Florida.

In response to Defendant Cherry's Motion, Chase requested limited jurisdictional discovery. The Court granted Chase's request and denied Defendant Cherry's Motion with leave to renew. (D.I. 114) Since that time, jurisdictional discovery has been completed, and Defendant Cherry has renewed his Motion.

In response to the renewed Motion, Chase contends that Defendant Cherry has sufficient

minimum contacts with the State of Delaware to satisfy the Delaware long-arm statute and

constitutional due process. Chase further contends that, like Defendant Hess, Defendant Cherry

was not a party to the settlement agreement and was expressly excluded from its provisions, such

that Chase's claims against Defendant Cherry are not barred by the doctrine of res judicata. In

addition, Chase contends that this action should not be transferred to Florida, because venue in

this Court is proper.

Defendant Cherry has also filed a Motion For Sanctions against Chase alleging that, in a

status report filed with the Court, Chase and its counsel made intentional misrepresentations

(about the nature of the Hess Kennedy Business operations, Defendant Cherry's Motion To

Dismiss, Judge Farnan's previous Orders in this case, and the nature of the Settlement and

Release Agreement). (D.I. 128 at 2) In its response to Cherry's Motion for Sanctions, Chase has

requested a cross-sanction in the form of attorneys fees and costs associated in defending against

Defendant Cherry's Motion for Sanctions. (D.I. 129 at 10-11)

## III.    DISCUSSION

### A.    Res Judicata

The doctrine of res judicata is considered "'a rule of fundamental and substantial justice,'

and not merely a 'matter of technical practice or procedure.'" *Equal Employment Opportunity

Commission v. U.S. Steel Corp.,* 921 F.2d 489, 492 (3d Cir.1990) (quoting *Hart Steel Co. v.

Railroad Supply Co.,* 244 U.S. 294 (1917)). "Res judicata avoids the expense and vexation

attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by

minimizing the possibility of inconsistent decisions." *Id.* Res judicata, also known as claim

preclusion, "requires a showing that there has been (1) a final judgment on the merits in a prior

5

[law]suit involving (2) the same claim and (3) the same parties or their privies." *Id.* at 493. The burden of establishing these elements rests on the party asserting that the claim is barred by res judicata.

Based on the Settlement Agreement, Chase moved to dismiss with prejudice the Hess Kennedy Entities from this action. The Court granted Chase's Motion on July 23, 2009. Although the Siversen Defendants acknowledge that the Settlement Agreement excluded them from the coverage of the release, they maintain that a "carve-out" to the exception acts as a bar to the claims Chase has raised here. (D.I. 100 at 7 (citing Settlement Agreement at ¶5(e) and (g) at pp. 11-12)) In addition, Defendant Hess, Defendant Cherry, and the Siversen Defendants contend that they were aware of the injunction entered in Florida, and that the acts complained of as forming the basis of this action are the same acts, requiring the same witnesses and the same documents as would have been required in the Florida action, such that, again, this action should be barred.

In pertinent part, the Settlement Agreement provides:

> e. Chase's Release of Hess Kennedy Entities. Chase hereby remises, releases and forever discharges the Hess Kennedy Entities of and from any and all obligations, liabilities, cause of action, suits, damages, claims, contracts, agreements, services, costs, attorneys' fees and demands of any kind, nature or description whatsoever, which Chase ever had, now has or hereafter can, shall or may have, against the Hess Kennedy Entities, whether now known or unknown, at law or in equity, in contract or in tort, pursuant to statute or otherwise, and whether asserted or unasserted and liquidated or unliquidated, arising out of or relating to (i) the relationships, contractual or otherwise, between the Chase Released Parties and their cardmembers, (ii) the obligations identified on Exhibit A owed to Chase by any of the Chase Cardmembers, (iii) clients or customers of the Hess Kennedy Entities or the Receiver, (iv) the Delaware Action, (v) the Florida Action, or (vi) any other subject or matter of any kind, nature or description whatsoever, all of the foregoing occurring from the beginning of the world to the

6

date hereof relating to the actions or conduct of the Hess Kennedy Entities.

* * *

      f.     Exclusions. Notwithstanding the foregoing releases, the Parties expressly exclude the following persons and/or entities from the effect of the releases: (I) Edward Cherry, Laura Hess, Eric Siversen, Home Plate Consultants, LLC, Self Made, LLC, . . . and (ii) the Chase cardmembers to the extent that they owe obligations to Chase other than with respect to the Chase Cardmember accounts specifically identified in Exhibit A hereto.

After reviewing the terms of the Settlement Agreement, the Court is not persuaded that the "carve-out" identified by the Siversen Defendants bars the claims Chase now seeks to pursue. The Settlement Agreement expressly preserved Chase's claims against Defendant Hess, Defendant Cherry, and the Siversen Defendants. Moreover, none of Defendant Hess, Defendant Cherry, or the Siversen Defendants have established that the elements of res judicata apply. In particular, the Court notes that it is undisputed that Defendant Hess, Defendant Cherry, and the Siversen Defendants are not parties to the Settlement Agreement and neither has offered any evidence or argument establishing that they are privies to the parties to the Settlement Agreement for purposes of res judicata.[1] Accordingly, the Court will deny the Motions To Dismiss filed by Defendant Hess, Defendant Cherry, and the Siversen Defendants to the extent they request dismissal of this action on the basis of res judicata.

---

[1]In his Reply Brief, Defendant Cherry asserts that "[i]n Florida and in Delaware there is no legal separation between a sole proprietorship and its owner." (D.I. 124 at 5) He goes on to state that "Chase released the Consumer Recovery Team from liability and accepted in excess of $4,000,000 supporting this release." (*Id.*) However, Defendant Cherry offers no citations for the legal proposition he asserts, nor does he explain how his factual assertion regarding the Consumer Recovery Team relates to his argument. Accordingly, the Court finds Defendant Cherry's arguments insufficient to establish the requirements of res judicata.

## B.    Personal Jurisdiction, Improper Venue, And Forum Non-Conveniens

Defendant Hess and Defendant Cherry's remaining arguments for dismissal are lack of personal jurisdiction and improper venue.  In the alternative, Defendants Hess and Cherry request a transfer of this action to Florida.

### 1.    Defendant Hess

Defendant Hess raised these same issues previously, and Judge Farnan addressed them in an Opinion, concluding that the dismissal and/or transfer of this action was not warranted. *Chase Bank USA N.A. v. Hess Kennedy Chartered LLC*, 589 F. Supp. 2d 490 (D. Del. 2008).  Under the law of the case doctrine, Judge Farnan's rulings govern the same issues which Defendant Hess has reiterated in the instant Motion; and, in any event, the Court finds no reason to depart from those rulings. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.  This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues.") (internal quotation marks and citations omitted); *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002) (explaining that law of the case doctrine "limits relitigation of an issue once it has been decided"). Accordingly, the Court will deny Defendant Hess' Motion To Dismiss.

### 2.    Defendant Cherry

As for Defendant Cherry, the Court concludes that personal jurisdiction exists over Defendant Cherry consistent with both the Delaware long-arm statute, *see* 10 *Del. C.* § 3104, and the Due Process Clause of the Constitution, *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Where, as here, a jurisdictional defense has been raised by a defendant, the plaintiff bears the

burden of establishing with reasonable particularity that sufficient minimum contacts have

occurred between the defendant and the forum state to support jurisdiction. *See Provident Nat'l*

*Bank v. California Federal Savings & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987). For

purposes of a motion to dismiss, "the plaintiff need only establish a prima facie case of personal

jurisdiction and the plaintiff is entitled to have its allegations taken as true and all reasonable

factual disputes resolved in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.

2004).

Jurisdiction may be either specific, meaning the particular cause of action arises from the

defendant's activities within the forum state, or general, meaning that the defendant has

continuous and systematic contacts with the state, regardless of whether the defendant's

connections are related to the particular cause of action. *See Helicopteros Nacionales de*

*Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Section 3104(c)(1) of the Delaware long-arm

statute is a specific jurisdiction provision and provides, in relevant part:

> (c)    As to any cause of action brought by any person arising from any of the act
> enumerated in the section, a court may exercise personal jurisdiction over
> any nonresident, or a personal representative, who in person or through an agent:
>
>     (1)    Transacts any business or performs any character of work or
>         service in the state ; . . . .

The Delaware Supreme Court has interpreted § 3104(c)(1) to require a "nexus" between the

plaintiff's cause of action and the defendant's "transaction of business or performance of work"

that is used as the basis for jurisdiction. *See LaNuova D & B, S.p.A v. Bowe Co.*, 513 A.2d 764,

768 (Del. 1986). Furthermore, where, as here, jurisdiction is asserted on a transactional basis,

"even a single transaction is sufficient if the claim has its origin in the asserted transaction." *Id.*

In this case, Chase has alleged that Defendant Cherry, along with the other Defendants, marketed debt elimination/settlement services to Delaware residents via the Internet, sent and caused Chase cardmembers to send more than 7,600 boilerplate form letters asserting sham billing disputes to Chase in Delaware, and purported to represent at least thirty Delaware residents in billing disputes against Chase. Judge Farnan's conclusion that these allegations were sufficient to establish personal jurisdiction over Defendant Hess is equally applicable to Defendant Cherry. Accordingly, the Court concludes that these allegations are sufficient to demonstrate that Defendant Cherry transacted business and performed work in Delaware. "[G]iven that these actions constitute the very conduct giving rise to Chase's claims, there is a clear 'nexus' between Defendants' conduct and Chase's cause of action." *Chase*, 589 F. Supp. 2d at 499.

Defendant Cherry contends that Plaintiffs have not alleged that he personally participated in the actions of the other defendants. However, jurisdiction in Delaware may be based upon a conspiracy theory, such that an individual defendant is not required to personally perform the acts impacting jurisdiction. *See id.* Under the conspiracy theory of jurisdiction, personal jurisdiction exists over the nonresident defendant if: (1) a conspiracy to defraud existed; (2) defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy. *See Istituto Bancario Italiano SpA v. Hunter Eng'g, Co.*, 449 A.2d 210, 225 (Del. 1981).

10

In this case, Chase has alleged that Defendant Cherry and the other Defendants engaged in a conspiracy to represent at least 30 Chase cardmembers residing in Delaware in asserting sham billing disputes against Chase, which is headquartered in Delaware. According to Chase, Defendant Cherry fabricated legally insufficient form letters and caused his employees and Chase cardmembers to send these letters to Chase. Pursuant to the representation and direction of Defendants, including Defendant Cherry, the cardmembers stopped making payments on their Chase accounts, resulting in direct and foreseeable harm to Chase. Defendant Cherry is alleged to have been a major player in orchestrating these events. Just as Judge Farnan previously concluded that these factual allegations were sufficient to establish conspiracy theory jurisdiction over Defendant Hess, the Court now concludes here that these allegations are sufficient to establish jurisdiction over Defendant Cherry. *See Chase*, 589 F. Supp. 2d at 499-500.

Having concluded that Chase has sufficiently alleged personal jurisdiction over Defendant Cherry to satisfy the Delaware long-arm statute, the Court must next determine whether the assertion of jurisdiction comports with federal due process. "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Thorn EMI North Am., Inc. v. Micron Tech., Inc.*, 821 F. Supp. 272, 275 (D. Del.1993) (internal quotation marks omitted). The exercise of specific jurisdiction comports with due process when: (1) the defendant has purposefully directed its activities at residents of the forum state, and (2) the alleged injuries arise out of those activities. *See id.* at 275-76 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The conduct Chase alleges Defendant Cherry engaged in – seeking out and undertaking the representation of at least thirty Delaware residents in sham billing disputes against Chase –

11

would, if proven, amount to Cherry purposefully directing his activities at Delaware residents.
Chase's alleged injuries arise out of these same activities. Indeed, Judge Farnan reached the same
conclusion on the same facts as they related to Defendant Hess. *See Chase*, 589 F. Supp. 2d at
500-501. Accordingly, the Court concludes that Plaintiffs have established personal jurisdiction
over Defendant Cherry for purposes of withstanding dismissal.

To the extent Defendant Cherry seeks dismissal of this action based upon improper venue
and, alternatively, requests the transfer of this action to Florida, the Court concludes, for the same
reasons provided by Judge Farnan in the context of the same requests made by Defendant Hess,
that venue in this Court is proper and a transfer of this action to Florida is not appropriate. *See
id.* at 501-02. Accordingly, the Court will deny Defendant Cherry's Motion To Dismiss.

### C.     Failure To Join Indispensable Parties

Pursuant to Fed. R. Civ. P. 12(b)(7), a party may seek dismissal for failure to join a party
under Fed. R. Civ. P. 19. In deciding whether to grant such a dismissal, the Court must first
determine whether the party is a necessary party under Rule 19(a). *See Gen. Refractories Co. v.
First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). A party is necessary if, in the absence of
the party, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the
action would impair the party's ability to protect its own interest, or (3) any of the present parties
would be subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P.
19(a). If the party is necessary under Rule 19(a), the party must be joined, if joinder is feasible. If
joinder is necessary, but infeasible, the Court must then determine whether the party is
"indispensable" under Rule 19(b). This inquiry requires a balancing of the interests of the
plaintiff, the defendant, the absent party, the courts, and the public. *See Feriozzi Co. v. Ashworks,*

12

*Inc.*, 130 Fed. Appx. 535 (3d Cir. 2005) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-111 (1968)).  If an absent party is indispensable, the Court must dismiss the action.  *See Gen. Refractories Co.*, 500 F.3d at 312.  The movant bears the burden of establishing that dismissal is appropriate based on the failure to join an indispensable party.

The Siversen Defendants have neither addressed nor established the relevant Rule 19 factors.  Moreover, the Court does not understand the Amended Complaint to assert injuries and claims belonging to the Chase cardmembers, as the Siversen Defendants contend.  Rather, the Court understands the Amended Complaint to allege harm suffered by Chase as a result of the actions of the Siversen Defendants.  This harm, which includes interference with payments Chase was to receive from its cardmembers, is unique to Chase, and is not the same harm suffered by Chase's cardmembers, who allegedly paid for ineffective debt settlement/elimination services.  Accordingly, the Court will deny the Siversen Defendants' Motion To Dismiss to the extent it seeks dismissal based on Rule 12(b)(7) and Rule 19.

### D.    Standing

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.  Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007) (internal citations omitted); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("The question of standing to sue is a jurisdictional one.").  A court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221

F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

There are three requirements for Article III standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendant and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction has the burden to establish standing to sue. *Id.* at 561. Each of the three standing requirements "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotation marks omitted). "When ruling on motions to dismiss for lack of standing, federal courts may consider affidavits and other factual materials in the record." *Nat'l Ass'n of State Utility Consumer Advocates v. F.C.C.*, 457 F.3d 1238, 1251 (11th Cir. 2006).

After reviewing the allegations of the Amended Complaint in the light most favorable to Chase, the Court concludes that Chase has sufficiently alleged standing so as to withstand dismissal. Chase has alleged a legally protected interest in its contracts with its cardmembers. Chase has further alleged that the Siversen Defendants provided false advice and fraudulent debt

14

elimination services to Chase cardmembers and that these actions harmed Chase by depriving Chase of payments due on its cardmembers' accounts, causing reputational damage, and causing Chase to expend unnecessary legal fees defending frivolous claims and counterclaims. Chase has also alleged that the relief it has requested – compensatory damages, injunctive relief, and attorneys' fees – will redress the injuries it has sustained, and the Court is not persuaded that the prospect of obtaining relief is too speculative. Accordingly, the Court will deny the Siversen Defendants' Motion To Dismiss to the extent it seeks dismissal based on lack of standing.

### E. Failure To State A Claim

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.,* 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must

15

be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). At bottom, "[t]he

complaint must state enough facts to raise a reasonable expectation that discovery will reveal

evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech.*

*Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). "[W]hen

the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this

basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by

the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Nor is

the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.,* 132

F.3d 902, 906 (3d Cir.1997) (internal quotation marks omitted), "unsupported conclusions and

unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.,* 113

F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver,* 82

F.3d 63, 69 (3d Cir. 1996).

After reviewing the allegations of the Amended Complaint, the Court concludes that

Chase has adequately stated each of its claims so as to withstand the Siversen Defendants' Motion

To Dismiss.

With respect to Chase's tortious interference claim, its abuse of process claim, and its

conspiracy claim, the arguments of the Siversen Defendants are primarily based upon the

application of the Rule 9(b) heightened pleading standard. However, the Siversen Defendants

have not cited any case law supporting their position that a heightened pleading standard should

be applied to these claims, and the Court has not located any cases standing for this proposition.

In fact, those cases located by the Court suggest that, under Delaware law, notice pleading is sufficient for these types of claims. *See WaveDivision Holdings, LLC v. Highland Capital Management L.P.*, 2010 WL 1267126, at *6 (Del. Super. Mar. 31, 2010) (heightened pleading standards are not applicable to claims for tortious interference with contractual relations and conspiracy based on such tortious interference); *Griffin Corporate Servs., LLC v. Jacobs*, 2005 WL 2000775, at *4 (Del. Ch. Aug. 11, 2005) (requiring a "short and plain statement of the claim" for a claim of tortious interference with an existing contract); *see also TruePosition v. Allen Telecom, Inc.*, 2003 WL 151227, at *6 (D. Del. Jan. 21, 2003) (applying notice pleading standards to abuse of process claim).

The Siversen Defendants rely on the Delaware Superior Court's decision in *Iragau v. Christiana Care Health Servs.*, 2008 WL 1724250, at *5 (Del. Super. Ct. Apr. 9, 2008), contending that dismissal of Chase's tortious interference claim is appropriate because Chase has not identified the specific contracts that were allegedly adversely affected. However, Chase has alleged that the Siversen Defendants interfered with each of the Chase cardmember agreements to which the clients of the Siversen Defendants were parties, and Chase attached a representative agreement to its Amended Complaint. At this juncture, the Court concludes that Chase has adequately identified the agreements at issue and, therefore, dismissal of the Amended Complaint is not appropriate.

As for Chase's conspiracy claim, the Court notes that such claims may require a heightened pleading standard when they are based upon an underlying fraud claim. In this case, however, the conspiracy claims asserted are based on tortious interference with contractual relations, unjust enrichment, abuse of process, and violations of the Delaware Deceptive Trade

17

Practices Act and the Consumer Fraud Act. *See Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431, 438-39 (D. Del. 2006) (declining to apply heightened pleading standard to conspiracy claim not based on fraud). Defendants have not sought dismissal of the claims brought under the Delaware Trade Practices Act and Consumer Fraud Act for failure to plead with heightened particularity, and the remaining bases for the conspiracy claim do not require pleading with heightened particularity. Because Chase has satisfied the pleading requirements for the underlying claims, the Court likewise concludes that Chase has satisfied the pleading requirements for its conspiracy claim.

The Siversen Defendants next contend that Chase's unjust enrichment claim should be dismissed because Chase has not alleged that it conferred any benefit upon the Siversen Defendants. Delaware law may not require such a showing. *See Jackson Nat. Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. Ch. 1999) (reciting requirements of an unjust enrichment claim). Further, even if such a showing were required, here the question of whether Chase conferred a benefit on the Siversen Defendants raises factual issues that are not appropriately resolved in the context of a motion to dismiss. *See In re Canon Cameras*, 2006 WL 1751245, *2 (S.D.N.Y. June 23, 2006). Accordingly, the Court concludes that Chase has adequately pled its unjust enrichment claim.

With respect to Chase's claim under the Delaware Consumer Fraud Act, the Siversen Defendants contend that Chase is not a consumer and, therefore, it lacks standing to bring this claim. The Siversen Defendants rely on the Delaware Supreme Court's decision in *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 70 (Del. 1993). However, that case was based upon the Delaware Trade Practices Act and not the Consumer Fraud Act. The statement in *Grand*

18

*Ventures* that the "Consumer Fraud Act provides remedies for violations of the 'vertical' relationship between a buyer (the consumer) and a producer or seller" is dicta. Further, the Consumer Fraud Act expressly provides a private right of action "to any victim of a violation of" the statute. 6 Del. Code § 2525(a). Although the statute does not define "victim," its express purpose is to protect not only consumers, but also "legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this state." 6 Del. C. § 2512. Moreover, according to its provisions, the Consumer Fraud Act should be "liberally construed and applied to promote its underlying purposes and policies." *Id.*

In the Court's view, Chase falls within the purview of an enterprise protected by the Consumer Fraud Act. Therefore, the Court concludes that the Siversen Defendants are not entitled to dismissal of Chase's Consumer Fraud Act claim.

### F.    Sanctions

The authority to award sanctions is within the inherent powers of the Court and is, therefore, discretionary. *See In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 611 (D. Del. 2008). In the circumstances presented here, the Court finds no basis upon which to award sanctions to any party. Accordingly, the Court will deny Defendant Cherry's Motion For Sanctions and Chase's cross-request for sanctions.

### IV.    CONCLUSION

In sum, the Court concludes that Chase has adequately pled its claims for relief against Defendant Hess, Defendant Cherry, and the Siversen Defendants and has adequately pled the requirements to establish personal jurisdiction over Defendants Hess and Cherry. Chase does not

lack standing to pursue its claims, and Defendants have not established that this action is barred by res judicata. Accordingly, for the reasons discussed, the Court will deny the Motions To Dismiss filed by Defendant Hess, Defendant Cherry, and the Siversen Defendants. An appropriate Order will be entered.