IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

CHASE BANK (USA), N.A.,

    Plaintiff,

-vs-                                      Civil Action No.: 08-121-LPS

EDWARD CHERRY, et al.,

    Defendants.

**DEFENDANT'S MOTION TO STAY THE PROCEEDING AND CERTIFY
INTERLOCUTORY APPEAL
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. §1292(b), the Defendant moves this Court to amend the Opinion and Order filed August 8, 2007 (D. 132), Stay the Proceeding and certify an interlocutory appeal of the following legal conclusion:

Whether a sole proprietorship has a separate legal identity separate from that of the individual who owns it such that if the sole proprietorship was a named party to a settlement and release agreement the owner of the sole proprietorship was a party to the settlement and release agreement.

A memorandum in support is attached hereto.

Dated: January 11, 2011

Respectfully submitted,

By: _____
Edward Cherry
10985 NW 71st Court
Parkland, FL 33076
954-826-4475

FILED
JAN 21 2011
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

CHASE BANK (USA), N.A.,

    Plaintiff,

-vs-                              Civil Action No.: 08-121-LPS

EDWARD CHERRY, et al.,

    Defendants.

JAN 21 2011
U.S. DISTRICT COURT

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

In its opinion and Order of January 6, 2010 this Court concluded that Edward Cherry "offere[d] no citations for the legal position. . " that there is no legal separate legal existence from a sole proprietorship and its owner. (D. 131 P. 7). The Court further opined that Edward Cherry did not assert a factual relationship between the Sole Proprietorship named in the Settlement and Release Agreement and his argument.

In so holding, the Court denied Edward Cherry's argument that the claims of the Plaintiff were barred by the doctrine of res judicata even though Edward Cherry's participation in the receivership entities business was through the name Sole Proprietorship.

As this controlling question of law would terminate the litigation in Delaware, Edward Cherry respectfully submits that the parties and this Court would greatly benefit by seeking guidance from the 3rd Circuit regarding this dispositive and controlling question of law. Should the circuit court disagree with this Court's Opinion and Order, the litigation would be terminated, avoiding the needless expense and waste of judicial resources. Should the circuit court agree with this Court's Opinion and Order, the parties will have significant guidance regarding the

2

precise outlines of the emerging legal doctrines applicable to when a participant in an alleged fraudulent debt settlement scheme does so through a sole proprietorship. Accordingly, the Defendant respectfully submits that this Court should amend its Opinion and Order to certify this question for interlocutory appeal under 28 U.S.C. §1292(b).

## II. ARGUMENT

Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal may be had where the proposed appeal concerns "(1) a controlling question of law[1] (2) as to which there is Substantial ground for difference of opinion and (3) ... an immediate appeal ... may materially advance the ultimate termination of the litigation .... " 28 U.S.C. § 1292(b).

Courts apply these standards with some flexibility and should be guided by considering "the probable gains and losses of immediate appeal" Wright, Miller & Cooper, 16 Federal Practice & Procedure §3930, at 415-16 (2007).

### A. Whether a Sole Proprietorship Has A Separate Legal Identity Separate From That Of The Individual Who Owns It Is A Controlling Question Of Law.

It is undisputed that the Settlement and Release Agreement released the Consumer Recovery Team from liability in this matter but specifically did not Release Edward Cherry. However, two things cannot be true at the same time. What is also undisputed is that the Florida Court maintained exclusive jurisdiction over any interpretation of the provisions of the settlement and release agreement.

It is well settled that "sole-proprietorships of unincorporated businesses . . .by definition, have no separate legal existence" from the proprietorship itself. *See Vega v. National Life Insurance Service, Inc.*, 188 F.3d 287, 294 (5th Cir, 1999); *State v. ABC Towing*, 954 P.2d 575,

---

[1] "A controlling question of law" encompasses "at the very least every order which, if erroneous, would be reversible error on final appeal" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

3

577 (Alaska Ct. App. 1998); *Vernon v. Schuster*, 688 N.E.2d 1172, 1776-177; *Paul Revere Life Insurance Company v. Rasul*, 1998 WL 259922 at *4n. 3 (D. Md. May 18, 1988) (quoting *Dowis v. Watson*, 289 S.E.2d 558, 559 (Ga. App. Ct. 1982).; *Darby v. Compagnie National Air France*, 132 F.R.D. 354, 355 (S.D.N.Y. 1990); *McCullough v. Suter*, 757 F.2d 142, 143-44 (7th Cir.1985)). Cf. *Sigmond v. Brown*, 645 F.Supp. 43, 246-47 (C.D.Cal.1986), aff'd 828 F.2d 8 (9th Cir.1987); *Trustees, Mason Tenders District Council Welfare Fund v. Faulkner*, 04 Civ. 5262 (S.D.N.Y. May 1, 2007); *Securities and Exchange Commission v. W.L. Moody & Co.*, 374 F.Supp. 465, 472 (S.D.Tex.1974), affd, 519 F.2d 1087 (5th Cir.1975); *Securities and Exchange Commission v. Wick*, 360 F.Supp 312, 315 (N.D.Ill.1973); *IUE AFL-CIO Pension Fund v. Barker & Williamson*, 788 F.2d 118, 127 (3d Cir.1986); *Trustees Of The Amalgamated Insurance Fund v. Sheldon Hall Clothing, Inc.*, 862 F.2d 1020 (3rd Cir. 1988); and *Connors v. Ryans Coal Company, Inc.*, 923 F.2d 1461 (11th Cir. 1991).

In this case Edward Cherry explicitly states that the sole proprietorship Consumer Recovery Team was included in the Settlement and Release Agreement entered into by the Plaintiff thereby releasing Consumer Recovery Team from the claims raised in this action. The Plaintiff does not object that Consumer Recovery Team was released but instead states that the "exclusions" section of the Settlement and Release Agreement excludes Edward Cherry from the release agreement.

The Court rejected the argument of Edward Cherry and in doing so implicitly determined that the owner of a sole proprietorship has a distinct and separate legal existence from the proprietorship itself, a claim rejected by every District Court and Circuit Court of Appeal in this nation. Assuming arguendo that the Plaintiff will prove that Edward Cherry's participation in the receivership entities was effectuated through the Consumer Recovery Team, whether there is

a separate legal existence is clearly a question of law and would be dispositive for it is undisputed that clarification and interpretation of the Settlement and Release Agreement must be had in Florida. Accordingly, the Order, if erroneous would be reversible error.

B.  **There is a Substantial Ground For Disagreement**

In this matter where the Court would modify existing law relating to Sole Proprietorships, Res Judicata and construction of a Settlement and Release Agreement entered into in Florida, this issue would be an issue of first impression and a substantial ground for difference of opinion. Federal Courts have certified interlocutory appeals to address statutory construction that was silent on certain provisions of the statute. For example, in *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999), the district court engaged in an analysis of whether scienter was an element of the Reform Act and certified the question to the eleventh circuit court of appeal which then established standards under binding precedent. *Id.* At 1275; *see also Phillips v. Scientific Atlanta, Inc.*, 374 F.3d 1015, 1016 (11th Cir. 2004). Edward Cherry respectfully submit that similar action is appropriate here.

C.  **Immediate Appeal Will Advance Termination of This Litigation**

Immediate appeal on this issue will advance termination of this litigation, as a ruling from the circuit court would be potentially dispositive. *See Wright, Miller & Kane,* 16 Federal Practice & Procedure §3930, at 432; *Gopher Oil Company v. Upjohn Oil Company*, 757 F. Supp. 998, 1001-04 (D. Minn. 1991). Even if a ruling from the circuit court did not dispose of the entire case, obtaining a ruling now would guide pre-trial proceedings, simplify trial, and avoid potential reversal on appeal in the event that Edward Cherry takes an appeal at the conclusion of this litigation.

Indeed, federal courts have previously noted that §1292(b) certification is particularly appropriate in complex, protracted, or expensive litigation. *See McFarlin v. Conseco Services, LLC*, 383 F.3d 1251, 1259 (11th Cir. 2004).

In this instance all factors are present. The litigation is complex, protracted and expensive and resolution will terminate the litigation.

D. **The Proceeding Should be Stayed Pending Resolution By The Circuit Court of Appeal**

The court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket. *See Landis V. North American Company*, 299 U.S. 248, 254 (1963). Deciding whether to stay a case is purely a matter of discretion. *See Cost Bros., Inc. v. Travelers Indemnity Company*, 760 F.2d 58, 60 (3rd Cir. 1985). In determining how to exercise its discretion with respect to a motion to stay, a court should consider such factor as: (1) the length of the stay requested, (2) the "hardship or inequity" that the movant would face in going forward with the litigation, (3) the injury that a stay would inflict upon the non-movant, and (4) whether a stay will simplify the issues and promote judicial economy. *See Landis*, 299 U.S. at 254-55.

The movant would face economic hardship should the entire matter be litigated only to be reversed. Edward Cherry is a Florida resident that has been hailed into a Delaware Court. Litigation in the Delaware District Court only to have the final order reversed would cause economic hardship.

The injury that a stay would inflict upon the non-movant is minimal in that the harm suffered by the Plaintiff has been addressed through the negotiated payment $4,000,000 from the assets of the Consumer Recovery Team and the acceptance of the payment by the Plaintiff.

6

Finally, the stay will simplify the issues and promote judicial economy. In the event that the Circuit Court of Appeal determines that there is no legal separation of the Consumer Recovery Team and Edward Cherry, the Plaintiff is bound by the terms of the Settlement and Release Agreement's venue and subject matter jurisdiction provisions. Such a ruling by the Court of Appeals would dispose of the issue.

## CONCLUSION

For the reasons stated above and controlling citations, Edward Cherry requests that the Court enter and Order Pursuant to 28 U.S.C. §1292(b), amending the Opinion and Order filed August 8, 2007, Stay the Proceeding and certify an interlocutory appeal of the following legal conclusion:

Whether a sole proprietorship has a separate legal identity separate from that of the individual who owns it such that if the sole proprietorship was a named party to a settlement and release agreement the owner of the sole proprietorship was a party to the settlement and release agreement.

Dated: January 11, 2011

Respectfully submitted,

By: _____
Edward Cherry
10985 NW 71st Court
Parkland, FL 33076
954-826-4475

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served on the following in the manner so described on November 16, 2010:

Beth Mosckow-Schnoll
919 N. Market Street, 11th Floor
Wilmington, De 19801
moskowb@ballardspahr.com

Laura L. Hess
8580 Breezy Oak Way
Boynton Beach, FL 33473
lhvip2008@yahoo.com

Kathleen Miller
800 Delaware Avenue
Wilmington, DE 19801
KMM@skjlaw.com

Kathleen M. Miller
800 Delaware Ave.
Wilmington, Delaware 19801
kmiller@skfdelaware.com


By:_____
Edward Cherry
10985 NW 71st Court
Parkland, FL 33076
954-826-4475

E. CHERKIN
10985 NW 71st CT
Parklands FL 33076

United States District Court
844 N. King Street
UNIT 18
Wilmington, DE 19801-3510

U.S.M.S.
X-RAY

U.S. POSTAGE PAID
BOCA RATON, FL
JAN 14, 11
AMOUNT
$0.61
00062294-12