IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHASE BANK USA, N.A. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 08-121-LPS |
| | : | |
| LAURA L. HESS, | : | |
| EDWARD CHERRY a/k/a | : | |
| EDWARD T. KENNEDY, | : | |
| ERIC SIVERSEN, | : | |
| HOME PLATE CONSULTANTS, LLC, | : | |
| SELF MADE LLC, | : | |
| THE CONSUMER LAW CENTER OF DELRAY | : | |
| BEACH, LLC, and | : | |
| THE CONSUMER LAW CENTER OF BOCA | : | |
| RATON, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this 26th day of September, 2011:

Presently pending before the Court is a motion to stay and certify interlocutory appeal filed by Defendant Edward Cherry ("Cherry"). (D.I. 136) For the reasons that follow, the Court will deny Cherry's motion.

I. **BACKGROUND**

Plaintiff Chase Bank USA, N.A. ("Chase") filed this action alleging Cherry and his co-defendants caused Chase credit card members to withhold outstanding debt by operating an unlawful debt elimination scheme. (D.I. 1) Chase seeks declaratory and injunctive relief based on causes of action for tortious interference with contractual relations, unjust enrichment, abuse

1

of process, conspiracy, violations of the Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2531 *et seq.*, and violations of the Delaware Consumer Fraud Act, 6 Del. C. §§ 2511 *et seq.* (*Id.*) On November 23, 2009, Cherry filed a motion to dismiss, arguing that the doctrine of res judicata bars Chase's claims against him. (D.I. 84) On January 6, 2011, the Court denied Cherry's motion to dismiss. (D.I. 131)

Subsequently, on January 21, 2011, Cherry filed the instant motion to stay and certify an interlocutory appeal. (D.I. 136) Chase opposes this motion. (D.I. 139) The parties completed briefing on this motion on February 22, 2011. (D.I. 142)

## II. LEGAL STANDARDS

The decision of whether to grant leave to file an interlocutory appeal is "informed by the criteria set forth in 28 U.S.C. § 1292(b)." *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009). Under the standards of § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Moreover, entertaining an interlocutory appeal under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View,*

*Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).

Finally, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude L.P.*, 407 B.R. 553, 557 (D. Del. 2009). Leave to file an interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

## III. DISCUSSION

### A. Controlling Question of Law

For the purpose of certifying an interlocutory appeal, a "controlling question of law" is "one which would result in a reversal of a judgment after final hearing." *Katz*, 496 F.2d at 47. Cherry contends that the question of "whether a sole proprietorship has a separate legal identity separate from that of the individual who owns it such that if the sole proprietorship was a named party to the settlement and release agreement the owner of the sole proprietorship was a party to the settlement and release agreement" is a controlling issue of law in this case. (D.I. 136 at 7) In support of this proposition, Cherry contends that, in its opinion, the Court "implicitly determined that the owner of a sole proprietorship has a distinct and separate legal existence from the proprietorship itself." (*Id.* at 4)

Chase responds that Cherry "grossly mischaracterizes the Court's Opinion." (D.I. 139 at 3) Defendant asserts that the Court did not come to any conclusion regarding the general status of a sole proprietorship vis-á-vis its owner. (*Id.*)

The Court agrees with Chase that it did not make any findings of fact or law related to the issue Cherry seeks to have certified for interlocutory appeal, namely, whether a sole

proprietorship has a separate identity from that of the individual who owns it. The only mention of this issue in the Court's Opinion was:

> In his Reply Brief, Defendant Cherry asserts that "[i]n Florida and Delaware there is no legal separation between a sole proprietorship and its owner." He goes on to state that "Chase released the Consumer Recovery Team from liability and accepted in excess of $4,000,000 supporting the release." However, Defendant Cherry offers no citations for the legal proposition he asserts, nor does he explain how this factual assertion regarding the Consumer Recovery Team relates to his argument. Accordingly, the Court finds Defendant Cherry's arguments insufficient to establish the requirements of res judicata.

(D.I. 131 at 7 n.1) (internal citations omitted)

Because the Court made no factual or legal finding with respect to this issue, Cherry's motion seeks appellate resolution of a speculative issue that is not controlling in this case. The Third Circuit has explicitly stated that 28 U.S.C. § 1292(b) "is not intended to grant the appellate courts power to give advice on speculative matters." *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1976). Therefore, the Court is not persuaded that Cherry has raised a controlling question of law.

### B.  Other Considerations

Given the Court's conclusion that Cherry has not raised a controlling question of law, it is not necessary also to determine whether there are substantial grounds for a difference of opinion and whether an immediate appeal would materially advance the termination of the litigation. The Court does note, however, that Cherry has failed to present exceptional circumstances justifying the need for immediate review. *See DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases

where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation."). The Court does not find any "circumstance or reason that distinguishes the case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996). Thus, the Court concludes that an interlocutory review of its January 6, 2011 Order is not warranted.

## IV. <u>CONCLUSION</u>

For the above reasons, **IT IS HEREBY ORDERED** that Cherry's Motion to Stay and Certify Interlocutory Appeal (D.I. 136) is **DENIED**.

_____<br>
UNITED STATES DISTRICT JUDGE