IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHASE BANK USA, N.A., | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 08-121-LPS-MPT |
| LAURA L. HESS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Defendant, Laura l. Hess ("Hess") has moved for leave to file a response or surreply brief to plaintiff's reply brief to her answering brief in opposition to plaintiff's motion for summary judgment. Hess complains that plaintiff raised additional material that is founded "in both untruths and outright lies."[1]

Plaintiff opposes Hess's motion noting that she merely asserts the above noted comment and fails to distinguish any purported untruth or lie. Plaintiff points out, consistent with D. Del. L 7.1.3(c)(2), its reply brief appropriately responded to Hess's arguments raised in her answering brief. Plaintiff further notes Hess's response consisted solely of a "self-serving affidavit" devoid of any record in support. Plaintiff limited its reply brief to portions of the record that contradict Hess's assertions, and supporting case law. It argues Hess "merely is seeking to have the lat word regarding a motion she did not bring."[2] Therefore, her motion for leave to file a surreply brief should be denied.

---

[1] See D.I. 221.
[2] See D.I, 222.

Under our local rules, specifically D. Del, LR 7.1.3, addressed the form and contents of briefs. That rule recognizes the usual briefing process for a motion is the filing of an opening, answering and reply briefs, giving the moving party the right to file an opening and reply in support of its motion. Pursuant to 7.1.3 (c)(2), the contents of a reply brief shall not "contain material which should have been included in a full and fair opening brief." Further, it should not be "a repetition of materials contained in the opening brief." As evidenced in this Local Rule, the purpose of the reply brief is to respond to matters raised in the answering brief, and not raise new arguments.[3]

Hess does not claimed plaintiff's reply brief raised new arguments not addressed in its opening brief. Hess also did not provide a copy of her proposed surreply brief for the court to review. A review of plaintiff's reply brief shows it responded to Hess's arguments, which is the purpose of a reply brief. Since plaintiff did not raise new arguments in its reply brief, the filing of a surreply as requested by Hess is questionable.

Courts recognize "[a] pro se complainant . . . must be held to less stringent standards than formal pleadings drafted by lawyers."[4] Courts also note, proceeding as a pro se litigant, however, does not give a party the right to "flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in [her] favor."[5] Although delays in this matter have occurred due to Hess's conduct, the court does not

---

[3] *Southco, Inc. v. Penn Engineering & Manufacturing Corp.*, 768 F. Supp 2d 715, 721 (D. Del. 2011); *See also, Federal Ins. Co. v. Signtactics, Inc.*, 1998 WL 175882, *2 (Local Rule 7.1.3 does not imply surreply briefs are not allowed, as long as leave from the court is first sought).

[4] *Ning Ye v. Holder*, 644 F. Supp. 2d 112, 116 (D. D.C. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] *Lewis v. Williams*, C.A. No. 05-013-GMS, 2010 WL 2640188, *3 (D. Del June 30. 2010).

find her request for a surreply brief to be unreasonable, recognizing her pro se status. In allowing Hess to file a surreply brief, the court will view it as a supplement to her answering brief and allow plaintiff to respond. Therefore,

IT IS ORDERED that defendant Hess's motion for leave to file a surreply brief (D. I. 221) is GRANTED, subject to the following limitations: the surreply brief shall operate as a supplement to defendant's answering brief, shall be limited to five (5) pages double spaced, no less than twelve point font and filed on or before December 12, 2012.  Plaintiff may file a response operating as a supplement to its reply brief and limited to five (5) pages double spaced, no less than twelve point font which shall be due on or before December 28, 2012.  No further briefing shall be allowed on plaintiff's motion for summary judgment.

Date: November 8, 2012             /s/ Mary Pat Thynge
                                   UNITED STATES MAGISTRATE JUDGE