IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHASE BANK USA N.A., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-121-LPS |
| LAURA L. HESS, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

WHEREAS, Chief Magistrate Judge Thynge issued a Report and Recommendation (the "Report") (D.I. 226), dated March 7, 2013, recommending Plaintiff Chase Bank USA N.A.'s ("Chase" or "Plaintiff") motion for summary judgment be granted with respect to Chase's claims of tortious interference with contractual relations (Count I), abuse of process (Count III), and conspiracy (Count VI);

WHEREAS, the Report further recommends that Chase's motion for summary judgment be denied with respect to Chase's claims of unjust enrichment (Count II), violation of Delaware's Deceptive Trade Practices Act (Count IV), and Delaware's Consumer Fraud Act (Count V);

WHEREAS, the Report further recommends that certain injunctive relief be granted to Chase, limited to those counts for which summary judgment is granted;

WHEREAS, the Report further recommends that certain declaratory relief also be granted to Chase;

WHEREAS, the Report further recommends that Chase's motion to strike Defendant Laura L. Hess' ("Hess" or "Defendant") answer (D.I. 204) be denied as moot, with leave to

renew if necessary;

WHEREAS, on March 25, 2013, Hess filed objections to the Report (D.I. 227), to which Chase responded on April 11, 2013 (D.I. 229);

WHEREAS, on March 25, 2013, Chase filed objections to the Report (D.I. 228), limited to the recommended scope of the injunctive relief, to which Hess did not respond;

WHEREAS, the Court has considered the motion for summary judgment (D.I. 213) and motion to strike the answer (D.I. 204) de novo, as they present case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Hess' objections (D.I. 227) are OVERRULED.

2. Chase's objections (D.I. 228) are GRANTED.

3. Chase's motion to strike (D.I. 204) is DENIED. The Report (D.I. 226 at 17-21) details the lack of prejudice to Chase as well as the untimely nature, under the circumstances, of the request to strike Hess' answer.

4. Chase's motion for summary judgment (D.I. 213) is GRANTED IN PART, specifically with respect to the claims of tortious interference with contractual relations, abuse of process, and conspiracy (Counts I, III, and VI). The Court agrees with the Report that the record contains sufficient evidence from which a reasonable finder of fact could find for Chase on each of the essential elements of each of the foregoing claims. The Court further agrees that Hess has failed to demonstrate a genuine dispute of any material fact. The Court is unpersuaded by Hess' contentions that it was error for the Report to consider the consent judgments and that the consent judgments are the only evidence of record supporting Chase's claims. Additionally, the Court concludes that even if the consent judgments are not considered admissions by Hess, they

nonetheless may constitute admissible, competent evidence that is appropriately considered on a motion for summary judgment.

5. Chase's motion for summary judgment (D.I. 213) is DENIED IN PART, specifically with respect to the claims of unjust enrichment, violation of Delaware's Deceptive Trade Practices Act, and Delaware's Consumer Fraud Act (Counts II, IV, and V), for the reasons provided in the Report, with which the Court agrees. Chase has not objected to these portions of the Report.

6. The relief recommended by the Report (D.I. 226 at 21-22) is GRANTED, as are the modifications of that relief requested by Chase (D.I. 228 at 4). The Court agrees with Chase that the injunctive relief should include all of the Hess-related entities which Hess has previously acknowledged controlling and/or owning and which were involved in the activities relating to the claims on which judgment will be entered for Chase. The Court further agrees with Chase that the modifications it proposes result in relief that appropriately correlates with the findings in the Report, which are being adopted by the Court.

7. No later than September 27, 2013, Chase shall submit a proposed form of order consistent with the Court's rulings, including a recitation of all of the specific relief being awarded by the Court.

8. The parties shall meet and confer and, no later than October 4, 2013, Chase shall submit, on behalf of all parties, a joint status report, addressing (in addition to anything else the parties wish to address) whether further proceedings will be required in this action and, if so, on what proposed schedule.

September 20, 2013
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE