IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHASE BANK USA, N.A., :
        Plaintiff, :
         :
v. : Civ. No. 08-121-LPS
         :
EDWARD CHERRY a/k/a EDWARD T. :
KENNEDY, :
         :
        Defendant. :

Beth Moskow-Schnoll, Ballard Spahr LLP, Wilmington, Delaware, Attorney for Plaintiff.

Edward Cherry, Parkland, Florida, Pro Se Defendant.

**MEMORANDUM OPINION**

1

August 14, 2017
Wilmington, Delaware

STARK, U.S. District Judge

## I. INTRODUCTION

On March 29, 2016, the Court entered judgment in favor of Plaintiff Chase Bank USA, N.A. ("Chase"), and against Defendant Edward Cherry, a/k/a Edward Kennedy, and n/k/a Edward Gregory Steadman ("Cherry"). (D.I. 275) Before the Court is Cherry's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), opposed by Chase. (D.I. 282) For the reasons discussed below, the Court will deny the motion.

## II. BACKGROUND

On July 29, 2015, the Court granted Chase's motion for summary judgment against Cherry. (D.I. 259, 260) On August 17, 2015, Chase moved for entry of judgment against Cherry. (D.I. 262) Cherry opposed the motion and requested an evidentiary hearing. (D.I. 263) The matter was initially set for an evidentiary hearing on February 26, 2016, continued, and ultimately heard on March 11, 2016. (D.I. 265, 269, 272)

Cherry did not appear at the hearing. On March 9, 2016, the Court was advised by Chase's counsel that Cherry was in the custody of the United States Marshal Service ("USMS") in the United States Bankruptcy Court for the Southern District of Florida, following entry of a March 2, 2016 order by the Bankruptcy Court sanctioning Cherry for civil contempt and remanding him to the custody of the USMS. (*See* D.I. 273; *see also In Re Cherry*, Bankr. Case No. 12-24343-BKC-JKO (Bankr. S.D. Fl. Mar. 2, 2016) at D.I. 474) On March 15, 2016, the Bankruptcy Court held a hearing on Defendant's motion for an order purging the civil contempt and, following the hearing, the Bankruptcy Court entered an order that purged the contempt and released Defendant from the custody of the USMS. *In Re Cherry*, at D.I. 478, 479, 488. At no time did Cherry advise this Court

1

of the reason for his non-appearance at the hearing that was held upon his request. Nor did Cherry ever request a continuance of the hearing.

On March 29, 2016, the Court entered judgment in favor of Chase and against Cherry in the amount of $47,674,813.90. (D.I. 275) On April 28, 2016, Cherry filed a notice of appeal from the March 29, 2016 judgment. (D.I. 277) On August 12, 2016, the United States Court of Appeals for the Third Circuit entered a briefing and scheduling order for Cherry to file and serve his brief on or before September 21, 2016. Cherry did not do so and, on October 27, 2016, the appellate court dismissed the appeal for Cherry's failure to timely prosecute. (D.I. 279) On March 2, 2017, Cherry filed the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60. (D.I. 282)

Cherry moves for relief pursuant to Fed. R. Civ. P. 60, but his motion does not indicate under which subsection he proceeds. The motion asserts that an injunction was improperly entered in this case and that the Court lacked jurisdiction. It also contends that the damages award was procured by fraud on the Court. In this regard Cherry presumably relies upon Rule 60(b)(3). Finally, Cherry contends that the judgment is void, a ground for relief as set forth in Rule 60(b)(4).

### III. LEGAL STANDARDS

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

2

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court, guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

## IV. DISCUSSION

Cherry seeks relief from judgment on the grounds that the "injunctive relief granted in favor of Plaintiff violates the Commerce Clause," the Court lacked jurisdiction over a Florida settlement agreement, the "damages award was procured by fraud on the Court," and the judgment is void. (D.I. 282 at 1) Chase opposes the motion, arguing that it is time-barred and frivolous. Chase also contends that Cherry has failed to meet his burden to prove fraud on the Court and that, in asserting that the judgment is void, Cherry is attempting to relitigate a position that the Court considered and rejected.

### A. Timeliness

Chase contends that Cherry's motion is not timely even though it was filed within one year of entry of judgment. Cherry did not address the timeliness issue in his reply. (*See* D.I. 285)

The one-year cut-off for filing a Rule 60(b) motion is an "extreme limit, and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired." *Johnson v. Life Ins. Co. of N. Am.*, 626 F. App'x 379, 383 (3d Cir. Sept 21, 2015) (internal quotation marks omitted). "What constitutes a reasonable time depends on the facts of each case and can frequently be a period of less than one year." *Id.* (citing *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (affirming denial of Rule 60(b) motion that was filed eleven

3

months after entry of judgment); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) ("Contrary to [the plaintiff's] belief that all motions filed within one year of the dismissal are timely under Rule 60(b)(1), the one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired."). Many factors are considered when evaluating whether a Rule 60(b) motion is filed within a reasonable time, "including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Johnson*, 626 F. App'x at 383 (citing *Kagan*, 795 F.2d at 610).

The judgment at issue was entered on March 29, 2016, yet Cherry did not file his Rule 60(b) motion until March 2, 2017, over eleven months later. As to most of the grounds he raises, Cherry's motion was not *per se* untimely under Rule 60(b)(1), (2), or (3). Nonetheless, Cherry provides no explanation for his delay in filing the motion. In addition, Cherry takes issue with issuance of an injunction that he claims was improperly entered.[1] The Court imposed injunctive relief against Cherry on July 29, 2015. (*See* D.I. 259, 260) He also contends that, with regard to a Florida settlement agreement, the Court lacked subject matter jurisdiction over the claim, as there is no legal distinction between a sole proprietorship and its owner. Cherry had previously raised the settlement agreement claim and it was addressed years ago, in the Court's January 6, 2011 Memorandum Opinion and Order. (*See* D.I. 131, 132) It is undisputed that the grounds for relief based upon the injunction and settlement agreement/jurisdiction were not filed within the one-year limit under Rule 60(b)(1), (2), and (3) and, therefore, the claims are time-barred.

---

[1] Chase is mistaken that the Court never entered an injunction against Cherry. (*See* D.I. 255, 256, 259, 260)

4

The Court now turns to the factors of timeliness. As to the first factor, federal courts have a strong interest in finality of judgments. *See Kock v. Government of Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987) ("[F]inality of judgments is a sound principle that should not lightly be cast aside . . . ."). As to the second factor, Cherry provided no reason for the eleven-month and two day delay in filing the Rule 60(b) motion. *See Hailey v. City of Camden*, 631 F. Supp. 2d 528, 552-53 (D.N.J. 2009) (Rule 60(b) motion untimely, as no proffered reason provided for delay, and litigant should have known of grounds long ago). As to the third prong, the issues raised were known to Cherry. Finally, as to the fourth factor, the potential prejudice to defendants, this case was filed in 2008. The age of the case can prejudice Chase in its ability to obtain evidence for trial, fading memories, witnesses becoming unreachable, and the loss of records. *See Chakowski v. United States*, 1993 WL 465386, at *3 (E.D. Pa. Nov. 12, 1993).

The motion will be denied as untimely, given the Court's strong interest in finality of judgments, the eleven-month and two day delay as to most issues and the untimeliness of others, Cherry's complete failure to provide a reason for the delay, and the age of this case.[2]

B.      **Substitute for Appeal**

As discussed, Cherry appealed the March 29, 2016 judgment, but did not prosecute his appeal, and it was dismissed. In the instant motion, Cherry asserts legal errors (*e.g.*, injunction violates the Commerce Clause; no legal distinction between a sole proprietorship and its owner; lack of subject matter jurisdiction; Plaintiff's credit card business is unconstitutional) as grounds for his Rule 60(b) motion. A "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158

---

[2]Even were the Court to conclude that the motion was timely filed, as will be discussed, Rule 60(b) relief is not warranted.

5

(3d Cir. 1988). "Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)." *Martinez-McBean v. Government of Virgin Islands*, 562 F. 2d 908, 912, (3d Cir. 1977).

Therefore, to the extent Cherry asserts legal errors, the Court will deny his Rule 60(b) motion.

### C.     Fraud on the Court

Cherry contends that the damages award was procured by fraud on the Court. Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Typical Rule 60(b)(3) fraud cases involve fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process. *See Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Id.* (citation omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

"In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and the motion must not "serve as an attempt to relitigate the merits,"

6

*Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Cherry contends the damages award was the result of fraud perpetrated on the Court, because Chase filed a claim in the United States Bankruptcy Court for the Southern District of Florida against him for $8 million and the bankruptcy claim referenced the instant lawsuit.

Chase presented materials and testimony in support of its request for damages during the March 11, 2016 evidentiary hearing. Although Cherry did not appear, the Court considered his opposition. Nothing before the Court suggests that Chase engaged in fraud or other misconduct, or that Chase in any way prevented Cherry from fully and fairly presenting his case. To the contrary, Cherry's opposition was considered.

The Court finds that Cherry has not established that a fraud was perpetrated on the Court. Therefore, the motion will be denied.

### D. Void Judgment

Cherry contends that the judgment is void because the Court lacked subject matter jurisdiction over a settlement agreement entered into in the State of Florida and because Chase's credit card business is unconstitutional. Rule 60(b)(4) provides for relief from judgment if "the judgment is void." Under Rule 60(b)(4), "'[a] judgment is not void' . . . 'simply because it is or may have been erroneous.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted).

7

Relief is not appropriate under Rule 60(b)(4), given that the settlement agreement claim is time-barred. Further, the Court thoroughly addressed the issue (*see* D.I. 131), and Cherry's assignment of error does not justify the granting of relief. Finally, Cherry's claim that Chase's credit card business is unconstitutional is without merit and provides no basis for relief.

Based upon the foregoing, the Court will deny the motion under Rule 60(b)(4).

## V.     CONCLUSION

For the above reasons, the Court will deny Cherry's motion for relief from judgment. (D.I. 282). An appropriate Order will be entered.